# Exhibit A

Cause No._____

| | | |
|---|---|---|
| **HTX HANNAN HOMES LLC,** | § | IN THE DISTRICT COURT OF |
| *Plaintiff(s),* | § | |
| | § | |
| v. | § | **HARRIS** COUNTY, TEXAS |
| | § | |
| **EF MORTGAGE LLC,** | § | |
| *Defendant(s),* | § | _____ JUDICIAL DISTRICT |

### PLAINTIFF'S ORIGINAL PETITION FOR DECLARATORY JUDGMENT AND APPLICATION FOR TEMPORARY RESTRAINING ORDER AND INJUNCTIVE RELIEF

TO THE HONORABLE JUDGE OF THE COURT:

NOW COMES, HTX HANNAN HOMES LLC, the Plaintiff, complaining of Defendant, EF MORTGAGE LLC and would show the Court the following:

### Discovery Control Plan

1.  Plaintiff, HTX HANNAN HOMES LLC, proposes that discovery in this case be conducted under Discovery Control Plan Level 2. Tex. R. Civ. P. 190.3

### Parties

2.  Plaintiff, HTX HANNAN HOMES LLC, is a Texas LLC whose principal place of business is in HARRIS County Texas. Ridwan Khan is a managing member of HTX HANNAN HOMES LLC.

3.  Defendant, EF MORTGAGE LLC is a national Bank and may be served with process by and through its registered agent, Registered Agent Solutions, Inc., at 211 E. 7th St. Suite 620, Austin, Texas 78744.

### Venue and Jurisdiction

4.  This Court has jurisdiction over the subject matter of this case because the amount in controversy exceeds this Court's minimum jurisdictional requirements.

5.  The Court has personal jurisdiction over the Defendant under Sec. 17.003 of the Texas Civil Practices and Remedies Code, because the real property, the subject of this lawsuit, is located in Texas.

6.  Venue in HARRIS County, Texas is proper in this cause under Section 15.011 of the Texas Civil

Practice and Remedies Code because the real property, the subject of this lawsuit, is situated in HARRIS County, Texas.

## Prior History

7. March 3, 2026, the Plaintiff obtained a TRO on the basis of a Breach of Contract.

8. March 10, 2026, the Defendant removed the case to federal court under CIVIL ACTION NO.

9. 4:26-cv-01937 and the Parties settled. Under the Settlement arrangement (the "Settlement Agreement"), the Plaintiff agreed to expeditiously submit a completed loan modification application, and the Defendant agreed to review the application in due course.

## Brief Summary

10. The July 7, 2026, scheduled substitute trustee sale of the Property (the "Substitute Trustee Sale") is unlawful, because the Defendant breached the Deed of Trust by failing to promptly give the Plaintiff a payoff statement, so that the Plaintiff could pay off the Note before July 7, 2026.

## Factual Background

### The Property

11. The Plaintiff is the owner of the property, 4726 Waring Street, Houston, Texas 77027, secured by a Deed of Trust (DOT). ("Property" or "real property").

### Deed of Trust.

12. July 31, 2024, the Plaintiff closed on a loan for $672,000.00 secured by a Deed of Trust (DOT). See Exhibit A

13. The original mortgagee is Park Place Finance LLC.

14. The original trustee is Brett M. Shanks.

15. EF MORTGAGE LLC is the current mortgagee.

16. Servis One, Inc. dba BSI Financial Services is the current loan servicer.

17. Staff of Entra Default Solutions, LLC are designated as the purported current trustee.

18. According to a recent Broker's Price Opinion, the value of the property is $1,100,000.

19. The Plaintiff does not know the payoff.  Ridwan Khan, a managing member of HTX HANNAN HOMES LLC, believes the payoff is roughly $700,000.

20. Ridwan Khan believes the Plaintiff has roughly has $400,000 of equity in the Property.

21. Recently, the purported current trustee posted a Substitute Trustee Sale Notice in the HARRIS County Clerk's Office.

22. The Plaintiff has a buyer ready, willing, and able, under a purchase contract that will close July 17, 2026 and pay off the Defendant in full, provided the July 7, 2026, scheduled substitute trustee sale is canceled and provided the Defendant provides an exact payoff.  See Exhibit B

23. Friday, June 26, 2026, the Plaintiff tendered paying off the loan in full. Friday, June 26, 2026, the Plaintiff requested from the Defendant a payoff statement and explained that the Plaintiff has a buyer ready, willing, and able under a purchase contract that will close July 6, 2026 and pay off the Defendant in full, provided the July 7, 2026, sale is canceled.

24. Since Plaintiff has requested an itemized payoff statement and tendered paying off the Loan, the Loan Servicer has not sent the Plaintiff an itemized payoff statement.

25. If the July 7, 2026, substitute trustee sale transpires, the Plaintiff stands to suffer irreparable harm, because the Plaintiff will lose title to its property and roughly $400,000 of equity in the Property.

## Arguments

**Breach of Contract**

26. The July 7, 2026, scheduled Substitute Trustee Sale is unlawful because the Defendant breached the Deed of Trust, by failing to give Plaintiff a payoff statement, so that the Plaintiff could pay off the Note before July 7, 2026.

27. The essential elements of a breach of contract action are: (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach.   *Hussong v. SCHWAN'S SALES ENTERPRISES, INC.*, 896 S.W.2d 320, 326 (Tex.App. Houston [1st Dist.] 1995, no writ).

28. The Deed of Trust is a valid contract.

29. The Defendant's conduct delineated above, in not providing the Plaintiff a payoff statement, so that Plaintiff could pay off the Note before July 7, 2026, amounts to a breach of contract.

30. The First Court of Appeals of Texas stated that when contracts have independent terms or subsidiary terms, the breach of one term by one party of an independent or subsidiary term does not relieve the other party from performance.  *See Earl Hayes Rents Cars & Trucks v. Houston*, 557 S.W.2d 316e, 320 (Ct of Ap. Tex, First Distr. 1977).

31. Under the Deed of Trust and contract law jurisprudence, if one party tenders performance, but the second party prevents performance, the second party is in breach. *Southwell v. Univ. of Incarnate Word*, 974 S.W.2d 351, 354–55 (Tex.App.-San Antonio 1998, pet. denied).

32. In other words, even though the Plaintiff may have defaulted on payment, the Trustee cannot

foreclose on the property in violation of the DOT, including applicable statutes, which are incorporated into the DOT by operation of law, which terms are independent of the payment terms.

33. As a result of the Defendant's breach, the Plaintiff cannot pay off the Note before July 7, 2026.

34. If the July 7, 2026, substitute trustee sale transpires, the Plaintiff stands to suffer irreparable harm, because the Plaintiff will lose title to its Property and approximately $400,000 equity in the Property.

### Conditions Precedent

35. Pursuant to Rule 54 of the Texas Rules of Civil Procedure, all conditions precedent have been performed or have occurred.

### Request for Temporary Restraining Order

36. Plaintiff requests the Court to dispense with the issuance of a bond, and Plaintiff requests that the Defendant be temporarily restrained, without hearing, and upon notice and hearing be temporarily enjoined, pending further order of this Court, from foreclosing on the Deed of Trust.

37. If a temporary restraining order is not issued today, the Defendant will sell the Plaintiff's Property and the Plaintiff will be irreparably harmed as stated in the attached affidavit.

38. The Plaintiff is likely to succeed on the merits because, as stated above, the Defendant breached the DOT by refusing and failing to give Plaintiff an accurate, itemized payoff statement, so that the Plaintiff could pay off the Note before July 7, 2026.

39. Granting the temporary restraining order is in the public interest, because enforcing contracts and discouraging foreclosures are in the public interest.

40. The Defendant may simply foreclose in 30 days, or recoup whatever expenses incurred by not foreclosing from the Plaintiff, which is permitted by the Deed of Trust; therefore, the potential harm to the Defendant is outweighed by the potential irreparable harm to the Plaintiff.

### Request for Temporary Order

41. Plaintiff requests that the Court, after notice and a hearing, without the necessity of a bond and to make temporary orders and issue any appropriate temporary injunctions deemed necessary and equitable by the Court.

### Attorney's Fees

42. Under Section 37.009, Tex Civ. Prac. & Rem Code, the Plaintiff requests that the Court award him costs and reasonable and necessary attorneys' fees as are equitable and just against

Defendant.

## **Prayer**

WHEREFORE, PREMISES CONSIDERED, the Plaintiff prays for the following:

43.         Prayer for Declaratory Relief

WHEREFORE Plaintiff prays that after notice and hearing the Court declares the Substitute Trustee Sale of the Property is unlawful and must be postponed until: (a) the Defendant gives the Plaintiff an accurate, itemized payoff statement, so that the Plaintiff could pay off the Note July 17, 2026.

44.         Prayer for Relief

WHEREFORE Plaintiff prays that the Court immediately grants a temporary restraining order restraining Defendant, in conformity with the allegations of this Plaintiff, from the acts set forth above, and Plaintiff prays that, after notice and hearing, this temporary restraining order be made a temporary injunction.

1. Plaintiff prays that the Court, in addition to the temporary restraining orders and temporary injunction order prayed for above, after notice and hearing, grant a temporary injunction enjoining Defendant, in conformity with the allegations of this Petition from the acts set forth above while this case is pending, and enter temporary orders as requested above.
2. Plaintiff prays for expenses, costs and interest as allowed by law.
3. Plaintiff prays for general relief.

Respectfully submitted,

/s/ James Minerve

_____

James Minerve
State Bar No. 24008692
13276 N Highway 183, Ste. 209
Austin, Texas 78750
(888) 819-1440 (Office)
(210) 336-5867 (Cell)
(888) 230-6397 (Fax)
Email: jgm@minervelaw.com
Attorney for Plaintiff
HTX HANNAN HOMES LLC

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing document was sent to the following in accordance with the Texas Rules of Civil Procedure on this 6th day of July 2026:

Registered Agent Solutions, Inc., registered agent for
EF MORTGAGE LLC
211 E. 7th St., Suite 620
Austin, Texas 78701


<u>/s/ James Minerve</u>
_____
James Minerve

RP-2024-282647

08/05/2024 RP2 $97.00

**Exhibit A**

COPY

UNOFFICIAL

RP-2024-282647

INSTRUMENT PREPARED BY:
SHANKS & ASSOCIATES, P.C.
15810 PARK TEN PLACE STE 205
HOUSTON, TEXAS 77084
JOSHUA COX

RECORDING REQUESTED BY
AND WHEN RECORDED MAIL TO:
PARK PLACE FINANCE, LLC
7000 N MOPAC SUITE 200-41
AUSTIN, TEXAS 78731

Loan Number: 108694

RECORDED AT THE REQUEST
OF ENVISION TITLE
GF # 200440-H

———————————— [Space Above This Line For Recording Data] ————————————

# DEED OF TRUST, ASSIGNMENT OF RENTS AND SECURITY AGREEMENT

**NOTICE OF CONFIDENTIALITY RIGHTS: IF YOU ARE A NATURAL PERSON, YOU MAY REMOVE OR STRIKE ANY OR ALL OF THE FOLLOWING INFORMATION FROM ANY INSTRUMENT THAT TRANSFERS AN INTEREST IN REAL PROPERTY BEFORE IT IS FILED FOR RECORD IN THE PUBLIC RECORDS: YOUR SOCIAL SECURITY NUMBER OR YOUR DRIVER'S LICENSE NUMBER.**

**This Deed of Trust, Assignment of Rents and Security Agreement** (the "**Deed**") made this   31st   day of July, 2024 , among HTX HANNAN HOMES LLC, A TEXAS LIMITED LIABILITY COMPANY

, (the "**Trustor**"),

whose address is  24306 MIRANDOLA LANE, RICHMOND, TEXAS 77406

, and

PARK PLACE FINANCE, LLC
a TEXAS LIMITED LIABILITY COMPANY                 (together with its successors and assigns, the "**Lender**" or the "**Beneficiary**") whose address is   7000 N MOPAC SUITE 200-41, AUSTIN, TEXAS 78731
and Brett M. Shanks (the "**Trustee**") whose address is 15810 Park Ten Place, Suite 205, Houston, Texas 77084.

## DEFINITIONS

In addition to the capitalized terms defined where used, words used in multiple sections of this Deed and/or the corresponding Loan Documents are defined below.

(A)    "**Lender**" is  PARK PLACE FINANCE, LLC
Lender is a  TEXAS LIMITED LIABILITY COMPANY
organized and existing under the laws of  TEXAS                . Lender's address is  7000 N MOPAC SUITE 200-41, AUSTIN, TEXAS 78731
Lender is the Beneficiary under the Deed(s) of Trust.

(B)    "**Loan**" means the debt evidenced by the Note, plus interest, any prepayment charges and late charges due under the Note, and all sums due under the Deed(s) of Trust.

———————————————————————————————————————————

(C)    **"Loan Documents"** means collectively the Loan Agreement, Note, Deed(s) of Trust and all other documents executed and/or delivered in connection with the Loan.

(D)    **"Note"** means the note signed by Borrower (as defined in the Loan Agreement) and dated July 31, 2024                . The Note states that Borrower owes Lender SIX HUNDRED SEVENTY-TWO THOUSAND AND 00/100                         Dollars (U.S. $ 672,000.00                ) plus interest. Borrower has promised to pay this debt in regular monthly payments and to pay the debt in full not later than August 1, 2025                  (the **"Maturity Date"**).

(E)    **"Trustee"** is BRETT M SHANKS
15810 PARK TEN PLACE, SUITE 205, HOUSTON, TEXAS 77084

(F)    **"Property"** means the real property described in Exhibit A to this Deed of Trust, Assignment of Rents and Security Agreement, and includes all the improvements now or subsequently erected on the property, including replacements and additions to the improvements on such property, all property rights, including, without limitation, all easements, appurtenances, Rents, issues and profits thereof, royalties, mineral rights, oil or gas rights or profits, water rights, miscellaneous proceeds, insurance proceeds, and fixtures now or subsequently a part of the property.

## WITNESSETH:

### TRANSFER OF RIGHTS IN THE PROPERTY

This Deed secures to Beneficiary (i) the repayment of the Loan, and all renewals, extensions, and modifications of the Note, and (ii) the performance of Trustor's covenants and agreements under this Deed and the Note. For this purpose, Trustor irrevocably grants and conveys to Trustee, in trust, with power of sale, the following described Property located in the County of HARRIS                         , further described as:

See Legal Description Attached Exhibit 'A' incorporated herein by reference

Street Address: 4726 WARING STREET
                HOUSTON, TEXAS 77027

TOGETHER WITH the rents, issues and profits thereof, SUBJECT HOWEVER, to the right, power and authority given to and conferred upon Beneficiary by paragraph (11) of the provisions set forth below to collect and apply such rents, issues and profits. **For the Purpose of Securing:** 1. Performance of each agreement of Trustor incorporated by reference or contained herein. 2. Payment of the indebtedness evidenced by the Note of even date herewith, and any extension of renewal thereof, in the principal sum of $ 672,000.00                executed by Trustor in favor of Beneficiary or order. 3. Payment of such further sums as the then record owner of such property hereafter may borrow from Beneficiary, when evidenced by another note (or notes) reciting it is so secured. 4. All obligations under a Loan Agreement dated July 31, 2024                  between Trustor and Lender. 5. If any portion of any indebtedness hereunder cannot be lawfully secured by this Deed, then the first installment and other payments made against any indebtedness secured by this Deed shall be applied to the discharge of the unsecured portion of the indebtedness and payments thereafter shall be applied to the discharge of the secured portion of the indebtedness.

TRUSTOR REPRESENTS, WARRANTS, COVENANTS, AND AGREES that: (i) Trustor lawfully owns and possesses the Property conveyed in this Deed in fee simple or lawfully has the right to use and occupy the property under a leasehold estate; (ii) Trustor has the right to grant and convey the property or Trustor's leasehold interest in the property; and (iii) the property is unencumbered, and not subject to any other ownership interest in the property, except for encumbrances and ownership interests of record. Trustor warrants generally the title to the property and

covenants and agrees to defend the title to the property against all claims and demands, subject to any encumbrances and ownership interests of record as of Loan closing.

A default under any other deed of trust securing the above-referenced Note shall constitute a default under this Deed as well.

To Protect the Security of This Deed, Trustor Agrees:

(1)    That Trustor will observe and perform said provisions; and that the reference to property, obligations, and parties in said provisions shall be construed to refer to the Property, obligations and parties set forth in this Deed.

(2)    To keep said Property in good condition and repair; not to remove or demolish any building thereon; to complete or restore promptly and in good and workmanlike manner any building which may be constructed, damaged or destroyed thereon and to pay when due all claims for labor performed and materials furnished therefore; to comply with all laws affecting said Property or requiring any alterations or improvements to be made thereon, not to commit or permit waste thereof; not to commit, suffer or permit any act upon said Property in violations of law; to cultivate, irrigate, fertilize, fumigate, prune and do all other acts which from the character or use of said Property may be reasonably necessary, the specific enumeration's herein not excluding the general.

(3)    To provide, maintain and deliver to Beneficiary fire insurance satisfactory to and with loss payable to Beneficiary and Beneficiary listed as additional insured, as more particularly set forth in this Deed. The amount collected under any fire or other insurance policy may be applied by Beneficiary upon any indebtedness secured herein and in such order as beneficiary may determined or at option of Beneficiary the entire amount so collected or any part hereof may be released to Trustor. Such application or release shall not cure or waive any default or notice of default herein under or invalidate any act done pursuant to such notice.

(4)    To appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of the Beneficiary or Trustee; and to pay all costs and expenses, including cost of evidence of title and attorney's fees in a reasonable sum, in any such action or proceeding in which Beneficiary or Trustee may appear, and in any suit brought by Beneficiary to record this Deed.

(5)    To pay; at least ten days before delinquency all taxes and assessments affecting said Property, including assessments on appurtenant water stock; when due, all encumbrances, charges and liens, with interest, on said Property or a part thereof, which appear to be prior or superior hereto; all costs, fees and expenses of this Trust. Trustor shall pay leasehold payments or ground rents on the Property, if any.

Should Trustor fail to make any payment or to do any act as herein provided, then Beneficiary or Trustee, but without obligation to do and without notice to or demand upon Trustor and without releasing Trustor from any obligation hereof, may: make or do the same in such manner and to such extent as either may be deemed necessary to protect the security herein. Beneficiary or Trustee being authorized to enter upon said Property for such purposes; appear in and defend any action or preceding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee; pay, purchase, contest or compromise any encumbrance, charge or lien which in the judgment of either appears to be prior or superior hereto; and, in exercising any such powers, pay necessary expenses, employ counsel and pay his reasonable fees.

(6)    To pay immediately and without demand all sums so expended by Beneficiary or Trustee, with interest from date of expenditure at the amount allowed by law in effect at the date hereon, and to pay for any statement provided for by law in effect at the date hereof regarding the obligation secured hereby any amount demanded by the Beneficiary not to exceed the maximum allowed by law at the time when said statement is demanded.

(7)    That any award of damages in connection with any condemnation for public use of or injury to said Property or any part thereof is hereby assigned and shall be paid to Beneficiary, who may apply or release such monies received by him in the same manner and with the same effect as above provided for disposition of proceeds of fire or other insurance.

(8)    That by accepting payment of any sum secured hereby after its due date, Beneficiary does not waive his right either to require prompt payment when due of all other sums so secured or to declare default for failure so to pay.

(9)    That at any time or from time to time, without liability therefore and without notice, upon written request of Beneficiary and presentation of this Deed and said Note for endorsement, and without affecting the personal liability of any person for payment of the indebtedness secured hereby, Trustee may; reconvey any part of said Property; consent to the making of any map or plat thereof; join in granting any easement therein; or join in any extension agreement or any agreement subordinating the lien or charge hereof.

(10)    That upon written request of Beneficiary stating that all sums secured hereby have been paid, and upon surrender of this Deed and said Note to Trustee for cancellation and retention and upon payment of its fees, Trustee shall reconvey, without warranty, the Property held hereunder. The recitals in such RECONVEYANCE of any matters or facts shall be conclusive proof of the truthfulness thereof. The grantee in such reconveyance may be described as "The person or persons legally entitled thereto". Five years after issuance of such full RECONVEYANCE, Trustee may destroy said Note and this Deed (unless directed in such request to retain them).

(11)    That as additional security, Trustor hereby gives to and confers upon Beneficiary the right, power and authority during the continuance of these Trusts, to collect the rents, issues and profits of said Property, reserving unto Trustor the right, prior to any default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, to collected and retain such rents, issues and profits as they become due and payable. Upon any such default, Beneficiary may at any time without notice, either in person, by agent, or by a receiver to be appointed by a court, and without regard to the adequacy of any security for the indebtedness hereby secured enter upon and take possession of said Property or any part thereof, in his own name sue for or otherwise collect such rents, issues and profits, including those past due and unpaid, and apply the same, less costs and expense of operation and collection, including reasonable attorney's fees, upon indebtedness secured hereby, and in such order as Beneficiary may determine. The entering upon and taking possession of said Property, the collection of such rents, issues and profits and the application thereof as aforesaid, shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.

(12)    As permitted by law and not in conflict with the Deed of Trust Addendum, that upon default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, under the Note secured hereby, under any of the Loan Documents, or under the Loan Agreement, Beneficiary may declare all sums secured hereby immediately due and payable by delivery to Trustee of written declaration of default and demand for sale and of written notice of default and of election to cause to be sold said Property, which notice Trustee shall cause to be filed for record. Beneficiary also shall post with Trustee this Deed, said Note and all documents evidencing expenditures secured hereby.

After the lapse of such time as may then be required by law following the recordation of said notice of default, and notice of sale having been given as then required by law, Trustee without demand on Trustor, shall sell said Property at the time and place fixed by it in said notice of sale, either as a whole or in separate parcels, and in such order as it may determine, a public auction to the highest bidder for cash in lawful money of the United States, payable at the time of sale. Trustee may postpone sale of all or a portion of said Property by public announcement of such time and place of sale, and from time to time thereafter may postpone sale by public announcement at the time fixed by the preceding postponement. Trustee shall deliver to such purchaser its deed conveying the Property so sold, but without any covenant or warranty, express or implied. The recitals in such deed of any matters or facts shall be

---

TEXAS DEED OF TRUST, ASSIGNMENT OF RENTS    Page 4    ☆DocMagic
AND SECURITY AGREEMENT
TXDTARSA.CST  04/02/24

conclusive proof of the truthfulness thereof. Any person, including Trustor, Trustee, or Beneficiary as hereinafter defined, may purchase at such sale.

(13) Beneficiary, or any successor in ownership of any indebtedness secured hereby, may from time to time, by instrument in wiring, substitute a successor or successors to any Trustee named herein or acting hereunder, which instrument, executed by the Beneficiary and duly acknowledged and recorded in the office of the recorder of the County or Counties where said Property is situated, shall be conclusive proof of proper substitution of such successor Trustee or Trustees, who shall, without conveyance from the Trustee predecessor, succeed to all its title, estate, rights, powers and duties. Said instrument must contain the name of the original Trustor, Trustee and Beneficiary hereunder, the book and page where this Deed is recorded and the name and address of the new Trustee.

(14) That this Deed applies to, insures to the benefit of, and binds all parties hereto, their heirs, legatees, devisees, administrators, executors, successors and assigns. The term Beneficiary shall mean the owner and holder, including pledges of the Note secured hereby whether or not named as Beneficiary herein. In this Deed, whenever the contest so requires, the masculine gender includes the feminine and/or neuter, and the singular number includes the plural.

(15) That Trustee accepts this Trust when this Deed, duly executed and acknowledged, is made a public record as provided by law. Trustee is not obligated to notify any party hereto of pending sale under any other Deed or of any action or proceeding in which Trustor, Beneficiary or Trustee shall be a party unless brought by Trustee.

(16) Trustor shall, at Trustor's expense, maintain in force fire and extended coverage insurance in any amount of not less than the full replacement value of any building which may exist on the subject Property, with loss payable to Beneficiary. Trustor shall provide fire insurance protection on Trustor's furniture, fixtures and personal property on the subject real Property in an amount equal to the full replacement value thereof, and promises that any insurance coverage in this regard will contain a waiver of the insurers' right of subrogation against Beneficiary. In addition, Trustor shall, at Trustor's expense, maintain in force policies of liability insurance and, if applicable, flood insurance, with Beneficiary as loss payee and as an additional insured thereunder, insuring Trustor against all claims resulting from the injury to or the death of any person or the damage to or the destruction of any property belonging to any person by reason of Beneficiary's interest hereunder or the use and occupancy of the subject real Property by Trustor. Such insurance shall be in the following amounts: (1) [$ 672,000.00            ] combined single limit liability insurance covering property damage and bodily injury; (2) flood insurance is required if the collateral is located in a flood zone equal to the replacement cost of the subject real Property; and (3) such other policies required by Beneficiary, including, but not limited to, hail, windstorm, and/or earthquake covering the Property. At least 30 days prior to the expiration of a policy, Trustor shall deliver to Beneficiary a renewal policy in a form satisfactory to Beneficiary. If Trustor obtains any other insurance on the subject real Property, such insurance shall name the Beneficiary as additional insured and loss payee thereunder.

(17) If all or any part of the subject Property or any interest in it is sold or transferred (or if a beneficial interest in Trustor is sold or transferred and Trustor is not a natural person), or a lien or encumbrance is created upon such Property, voluntarily or involuntarily, or if Trustor shall file or have filed against it and/or the Property any proceeding for relief of debtors under the United States Bankruptcy Code, in each case without Beneficiary's prior written consent, Beneficiary may, at its option, require immediate payment in full of all sums secured by this Deed. However, this option shall not be exercised by Beneficiary if exercise is prohibited by federal law as of the date of this Deed. If Beneficiary exercises this option, Beneficiary shall give Trustor notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Trustor must pay all sums secured by this Deed. If Trustor fails to pay these sums prior to the expiration of this period, Beneficiary may invoke any remedies permitted by this Deed without further notice or demand on Trustor.

(18) Beneficiary may make or cause to be made reasonable entries upon and inspections of the real Property securing this Deed.

TEXAS DEED OF TRUST, ASSIGNMENT OF RENTS
AND SECURITY AGREEMENT          Page 5
TXDTARSA.CST  04/02/24                                    ☆ DocMagic

RP-2024-282647

RP-2024-282647

(19) Trustor shall promptly notify Beneficiary of any action or proceeding relating to any condemnation or other taking, whether direct or indirect, of the Property securing this Deed or any part thereof and Trustor shall appear in and prosecute any such action or proceeding unless otherwise directed by Beneficiary in writing. Trustor authorizes Beneficiary, at Beneficiary's option, as attorney-in-fact for Trustor, to commence, appear in and prosecute, in Beneficiary's or Trustor's name, any action or proceeding relating to any condemnation or other taking of the subject Property, whether direct or indirect, and to settle or compromise any claim in connection with such condemnation or other taking. The proceeds of any award, payment or claim for damages, direct or consequential, in connection with any condemnation or other taking, whether direct or indirect, of the subject Property, or part thereof, or for conveyances in lieu of condemnation, are hereby assigned to and shall be paid to Beneficiary subject, if this Deed is on a leasehold, to the rights of lessor under the ground lease. Trustor authorizes Beneficiary to apply such awards, payments, proceeds or damages, after the deduction of Beneficiary's expenses incurred in the collection of such amounts, at Beneficiary's option, to restoration or repair of the subject Property or to payment of the sums secured by this Deed, whether or not then due, in the order of application set forth in paragraph (3) hereof, with the balance, if any, to Trustor. Unless Trustor and Beneficiary otherwise agree in writing, any application of proceeds to Principal (as defined in the Note) shall not extend or postpone the due date of the monthly installments referred to in paragraphs (1) and (2) hereof or change the amount of such installments. Trustor agrees to execute such further evidence of assignment of any awards, proceeds, damages or claims arising in connection with such condemnation or taking as Beneficiary may require.

(20) This Deed is intended to be a security agreement pursuant to the Uniform Commercial Code for any of the items specified above as part of the subject Property which, under applicable law, may be subject to a security interest pursuant to the Uniform Commercial Code, and Trustor hereby grants Beneficiary a security interest in said items. Trustor agrees that Beneficiary may file this Deed, or a reproduction thereof, in the real estate records or other appropriate index, as a financing statement for any of the items specified above as part of the subject Property. Any reproduction of this Deed or of any other security agreement or financing statement shall be sufficient as a financing statement. In addition, Trustor agrees to execute and deliver to Beneficiary, upon Beneficiary's request, any financing statements, as well as extensions, renewals and amendments thereof, and reproductions of this Deed in such form as Beneficiary may require to perfect a security interest with respect to said items. Trustor shall pay all costs of filing such financing statements and any extensions, renewals, amendments and releases thereof, and shall pay all reasonable costs and expenses of any record searches for financing statements Beneficiary may reasonably require. Without the prior written consent of Beneficiary, Trustor shall not create or suffer to be created pursuant to the Uniform Commercial Code any other security interest in said items, including replacements and additions thereto. For purposes of filing and recording this Deed in, among other places, the real estate records of the county in which the subject Property is located, the following information is included: (i) the Trustor shall be deemed the "Debtor" with the address set forth for the Trustor on the first page of this Deed which the Trustor certifies is accurate, (ii) the Beneficiary shall be deemed to be the "Secured Party" with the address set forth for the Beneficiary on the first page of this Deed and shall have all of the rights of a secured party under the Uniform Commercial Code, (iii) this Deed covers goods which are or are to become fixtures, and (iv) the name of the record owner of the land is Trustor. Upon Trustor's breach of any covenant, representation, warranty or agreement of Trustor contained in this Deed, including the covenants to pay when due all sums secured by this Deed, Beneficiary shall have the remedies of a secured party under the Uniform Commercial Code and, at Beneficiary's option, may also invoke the remedies provided in this Deed as to such items. In exercising any of said remedies, Beneficiary may proceed against the items of real property and any items of personal property specified above as part of the subject Property separately or together and in any order whatsoever, without in any way affecting the availability of Beneficiary's remedies under the Uniform Commercial Code or of the remedies provided in this Deed.

(21) Any default under this Deed shall constitute a default under all promissory notes and deed(s) of trust, mortgage(s), or security deed(s) Trustor has executed in favor of Beneficiary. Trustor shall be in default if, during the Loan application process, Trustor or any persons or entities acting at the direction of Trustor or with Trustor knowledge or consent gave materially false, misleading, or inaccurate information or statements to Lender (or failed to provide Lender with material information) in connection with the Loan. Material representations include, but are

☆ DocMagic

not limited to, representations concerning Trustor's use of the subject Property solely for business and/or commercial purposes.

(22) This Deed shall be governed by federal law and the law of the jurisdiction in which the Property is located, which is   TEXAS                          . All rights and obligations contained in this Deed are subject to any requirements and limitations of Applicable Law. Applicable Law might explicitly or implicitly allow the parties to agree by contract or it might be silent, but such silence shall not be construed as a prohibition against agreement by contract. In the event that any provision or clause of this Deed or the Note conflicts with Applicable Law, such conflict shall not affect other provisions of this Deed or the Note which can be given effect without the conflicting provision.

(23) Sale of Note; Change of Loan Servicer; Notice of Grievance. The Note or a partial interest in the Note (together with this Deed) can be sold one or more times without prior notice to Trustor. A sale might result in a change in the entity (known as the "Loan Servicer") that collects Periodic Payments due under the Note and this Deed and performs other mortgage loan servicing obligations under the Note, this Deed, and Applicable Law. There also might be one or more changes of the Loan Servicer unrelated to a sale of the Note. If there is a change of the Loan Servicer, Trustor will be given written notice of the change which will state the name and address of the new Loan Servicer, the address to which payments should be made and any other information required in connection with a notice of transfer of servicing. If the Note is sold and thereafter the Loan is serviced by a Loan Servicer other than the purchaser of the Note, the mortgage loan servicing obligations to Trustor will remain with the Loan Servicer or be transferred to a successor Loan Servicer and are not assumed by the Note purchaser unless otherwise provided by the Note purchaser. Neither Trustor nor Beneficiary may commence, join, or be joined to any judicial action (as either an individual litigant or the member of a class) that arises from the other party's actions pursuant to this Deed or that alleges that the other party has breached any provision of, or any duty owed by reason of, this Deed, until such Trustor or Beneficiary has notified the other party (with such notice given in compliance with the requirements of Section 24) of such alleged breach and afforded the other party hereto a reasonable period after the giving of such notice to take corrective action. If Applicable Law provides a time period which must elapse before certain action can be taken, that time period will be deemed to be reasonable for purposes of this paragraph. The notice of acceleration and opportunity to cure given to Trustor pursuant to the Deed of Trust Addendum and the notice of acceleration given to Trustor pursuant to Section 17 shall be deemed to satisfy the notice and opportunity to take corrective action provisions of this Section.

(24) Notices. All notices given by Trustor or Beneficiary in connection with this Deed must be in writing. Any notice to Trustor in connection with this Deed shall be deemed to have been given to Trustor when mailed by first class mail or when actually delivered to Trustor's notice address if sent by other means. Notice to any one Trustor shall constitute notice to all Trustors unless Applicable Law expressly requires otherwise. The notice address shall be the Property Address unless Trustor has designated a substitute notice address by notice to Beneficiary. Trustor shall promptly notify Beneficiary of Trustor's change of address. If Beneficiary specifies a procedure for reporting Trustor's change of address, then Trustor shall only report a change of address through that specified procedure. There may be only one designated notice address under this Deed at any one time. Any notice to Beneficiary shall be given by delivering it or by mailing it by first class mail to Beneficiary's address stated herein unless Beneficiary has designated another address by notice to Trustor. Any notice in connection with this Deed shall not be deemed to have been given to Beneficiary until actually received by Beneficiary. If any notice required by this Deed is also required under Applicable Law, the Applicable Law requirement will satisfy the corresponding requirement under this Deed.

(25) Please see Deed of Trust Addendum, attached hereto and made a part hereof for all purposes. In the event of any inconsistencies between the terms and conditions of the Deed of Trust Addendum and any other terms and conditions of this Deed, the terms of the Deed of Trust Addendum shall control and be binding.

(26) If applicable, please see Prepayment Rider, attached hereto and made a part hereof for all purposes. In the event of any inconsistencies between the terms and conditions of the Prepayment Rider and any other terms and conditions of this Deed, the terms of the Prepayment Rider shall control and be binding.

(27) If this Deed is on a Leasehold Estate, Trustor will comply with all the provisions of the lease. Trustor will not surrender the leasehold estate and interests conveyed, or terminate or cancel the ground lease. Trustor will not, without the express written consent of Beneficiary, alter or amend the ground lease. If Trustor acquires fee title to the Property, the leasehold and the fee title will not merge unless Beneficiary agrees to the merger in writing. If applicable, please see Leasehold Rider, attached hereto and made a part hereof for all purposes. In the event of any inconsistencies between the terms and conditions of the Leasehold Rider and any terms and conditions of this Deed, the terms of the Leasehold Rider shall control and be binding.

(28) If a law, which applies to the Loan and which sets maximum loan charges, is finally interpreted so that the interest or other Loan charges collected or to be collected in connection with this Loan exceed the permitted limits, then: (a) any such Loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from Trustor which exceeded permitted limits will be refunded to Trustor. Beneficiary may choose to make this refund by reducing the Principal (as defined in the Note) Trustor owes under the Note or by making a direct payment to Trustor. If a refund reduces Principal, the reduction will be treated as a partial Prepayment; however, such partial Prepayment will not trigger an Prepayment penalty, if applicable.

(29) Trustor hereby certifies to Beneficiary that the proceeds from this Loan are to be used solely for business and commercial purposes and not at all for any personal, family, household or other noncommercial or farming or agricultural purposes.

(30) If applicable, please see Step Rate Addendum, attached hereto and made a part hereof for all purposes. In the event of any inconsistencies between the terms and conditions of the Step Rate Addendum and any other terms and conditions of this Deed, the terms of the Step Rate Addendum shall control and be binding.

(31) If applicable, the Property is located in more than one (1) county. For that reason, this Deed is signed in multiple counterparts, each of which should be recorded in a county in which the Property is located. Although this Deed is signed in multiple counterparts, it is one and the same instrument.

[SIGNATURE(S) TO APPEAR ON THE NEXT PAGE]

TEXAS DEED OF TRUST, ASSIGNMENT OF RENTS    Page 8
AND SECURITY AGREEMENT
TXDTARSA.CST  04/02/24

☆ DocMagic

RP-2024-282647

The undersigned Trustor requests that a copy of any Notice of Default and of any Notice of Sale hereunder be mailed to him/her at his/her address hereinbefore set forth.

Dated: 17/31/24

TRUSTOR:

HTX HANNAN HOMES LLC, A TEXAS
LIMITED LIABILITY COMPANY

By: _____ (Seal)
FARHANA QURESHI,                  -Borrower
MANAGER

_____        _____
Witness                         Witness



RP-2024-282647

## EXHIBIT A

### (DESCRIPTION OF PROPERTY)

LOT SIXTEEN (16), IN BLOCK THREE (3), OF AFTON OAKS, SECTION FIVE (5), A
SUBDIVISION IN HARRIS COUNTY, TEXAS, ACCORDING TO THE MAP OR PLAT THEREOF
RECORDED IN VOLUME 38, PAGE 62, OF THE MAP RECORDS OF HARRIS COUNTY,
TEXAS.
A.P.N.: 077-246-021-0016



RP-2024-282647

## ACKNOWLEDGMENT

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of Texas                        )

County of ___Harris___                )

On ___July 31, 2024___ , before me, ___Katelynn McIntyre___ ,

(insert name of notary)

Notary Public, personally appeared ___FARHANA QURESHI___ ,
as ___MANAGER OF HTX HANNAN HOMES LLC, A TEXAS LIMITED LIABILITY COMPANY___ ,

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of Texas that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____                    (Seal)

KATELYNN MCINTYRE
Notary Public, State of Texas
Comm. Expires 06-04-2028
Notary ID 134931154

### MAIL TAX STATEMENTS AS DIRECTED ON PAGE 1.

TEXAS DEED OF TRUST, ASSIGNMENT OF RENTS
AND SECURITY AGREEMENT          Page 11                              ☆ DocMagic
TXDIARSA.CST  04/02/24



Loan Number: 108694

# DEED OF TRUST ADDENDUM

THIS Addendum to Deed of Trust ("Addendum") is made this 31st    day of July, 2024         ,
and is incorporated into and shall be deemed to amend and supplement the Deed of Trust, Assignment of Rents, and
Security Agreement ("Deed") of the same date given by the undersigned (the "Trustor") to secure Trustor's Note to
PARK PLACE FINANCE, LLC
(the "Beneficiary") of the same date and covering the Property described below:

4726 WARING STREET, HOUSTON, TEXAS 77027

DEED COVENANTS. In addition to the covenants and agreements made in the Deed, Trustor and Beneficiary
further covenant and agree as follows:

### 1.    Acceleration; Remedies.
(a)    **Notice of Default.** Beneficiary will give a notice of Default to Trustor prior to acceleration following
Trustor's Default, except that such notice of Default will not be sent when Beneficiary exercises its right under Section
17 of the Deed unless Applicable Law provides otherwise. The notice will specify, in addition to any other
information required by Applicable Law: (i) the Default; (ii) the action required to cure the Default; (iii) a date, not
less than 30 days (or as otherwise specified by Applicable Law) from the date the notice is given to Trustor, by which
the Default must be cured; (iv) that failure to cure the Default on or before the date specified in the notice may result
in acceleration of the sums secured by this Deed and sale of the Property; (v) Trustor's right to reinstate after
acceleration; and (vi) Trustor's right to bring a court action to deny the existence of a Default or to assert any other
defense of Trustor to acceleration and sale.
(b)    **Acceleration; Power of Sale; Expenses.** If the Default is not cured on or before the date specified in the
notice, Beneficiary may require immediate payment in full of all sums secured by this Deed without further demand
and may invoke the power of sale and any other remedies permitted by Applicable Law. Beneficiary will be entitled
to collect all expenses incurred in pursuing the remedies provided in this Section, including, but not limited to: (i)
reasonable attorneys' fees and costs; (ii) property inspection and valuation fees; and (iii) other fees incurred to protect
Beneficiary's interest in the Property and/or rights under this Deed.
(c)    **Notice of Sale; Sale of Property.** If Beneficiary invokes the power of sale, Beneficiary its designee, or
Trustee will give notice of the date, time, place, and terms of sale by posting and filing the notice as provided by
Applicable Law. Beneficiary or its designee will mail a copy of the notice to Trustor in the manner prescribed by
Applicable Law. Sale will be public, occurring between the hours of 10 a.m. and 4 p.m. on a date and at a location
permitted by Applicable Law. The time of sale must begin at the time stated in the notice of sale or not later than three
hours after that stated time. Trustor authorizes Trustee to sell the Property to the highest bidder for cash in one or
more parcels and in any order Trustee determines. Beneficiary or its designee may purchase the Property at any sale.
(d)    **Trustee's Deed; Proceeds of Sale.** Trustee will deliver to the purchaser a Trustee's deed conveying
indefeasible title to the Property with covenants of general warranty from Trustor. Trustor covenants and agrees to
defend generally the purchaser's title to the Property against all claims and demands. The recitals in the Trustee's deed
will be prima facie evidence of the truth of the statements made in that deed. Trustee will apply the proceeds of the
sale in the following order: (i) to all expenses of the sale, including, but not limited to, reasonable Trustee's and
attorneys' fees and costs; (ii) to all sums secured by this Deed; and (iii) any excess to the person or persons legally
entitled to it.
If the Property is sold pursuant to this Section, Trustor or any person holding possession of the Property
through Trustor will immediately surrender possession of the Property to the purchaser at that sale. If possession is
not surrendered, Trustor or such person will be a Tenant at sufferance and may be removed by writ of possession or
other court proceeding.
(e)    **Waiver of Deficiency Statute.** To the maximum extent permitted by Applicable Law, Trustor waives
all rights, remedies, claims, and defenses based upon or related to Sections 51.003, 51.004, and 51.005 of the Texas
Property Code.

2.    **Release.** Upon payment of all sums secured by this Deed, Beneficiary will provide a release of this Deed to Trustor or Trustor's designated agent in accordance with Applicable Law. Trustor will pay any recordation costs associated with such release. Beneficiary may charge Trustor a fee for releasing this Deed, only if the fee is paid to a third party for services rendered is permitted under Applicable Law.

3.    **Substitute Trustee; Trustee Liability.** All rights, remedies, and duties of Trustee under this Deed may be exercised or performed by one or more trustees acting alone or together. Beneficiary at its option, itself or through the Loan Servicer, and with or without cause, may from time to time, by power of attorney or otherwise, remove or substitute any trustee, add one or more trustees, or appoint a successor trustee to any Trustee without the necessity of any formality other than a designation by Beneficiary in writing. Without any further act or conveyance of the Property the substitute, additional or successor trustee will become vested with the rights, title, remedies, powers, and duties conferred upon Trustee in this Deed and by Applicable Law.

Trustee will not be liable if acting upon any notice, request, consent, demand, statement, or other document believed by Trustee to be correct. Trustee will not be liable for any act or omission unless such act or omission is willful.

4.    **Subrogation.** Any of the proceeds of the Note used to take up outstanding liens against all or any part of the Property have been advanced by Beneficiary at Trustor's request and upon Trustor's representation that such amounts are due and are secured by valid liens against the Property. Beneficiary will be subrogated to any and all rights, superior titles, liens, and equities owned or claimed by any owner or holder of any outstanding liens and debts, regardless of whether said liens or debts are acquired by Beneficiary by assignment or are released by the holder of said liens or debts upon payment, or the lien established by this Deed is held to be invalid. Trustor agrees that any statute of limitations related to a cause of action or right to foreclose based on such subrogated rights, superior title, liens, and equities are tolled to the extent necessary until, at the earliest, a final adjudication by a court of last resort that the lien established by this Deed is invalid. Trustor further agrees that Beneficiary will have the same rights and powers provided in Section 1 of this Addendum in connection with any such subrogated rights, superior title, liens, and equities as Beneficiary has in connection with the lien established by this Deed.

5.    **Partial Invalidity.** In the event any portion of the sums intended to be secured by this Deed cannot be lawfully secured, payments in reduction of such sums will be applied first to those portions not secured.

6.    **Waiver of Consequential, Punitive, and Speculative Damages.** Beneficiary and Trustor agree that, in connection with any action, suit, or proceeding relating to or arising out of this Deed or any of the other Loan documents, each mutually waives to the fullest extent permitted by Applicable Law any claim for consequential, punitive, or speculative damages.

7.    **Purchase Money or Acknowledgment of Cash Advanced Against Non-Homestead Property.** Check box as applicable:

☐    **Purchase Money.**

The funds advanced to Trustor under the Note were used to pay all or part of the purchase price of the Property. The Note also is primarily secured by the vendor's lien retained in the deed of even date with this Deed conveying the Property to Trustor, which vendor's lien has been assigned to Beneficiary, this Deed being additional security for such vendor's lien.

☒    **Acknowledgment of Cash Advanced Against Non-Homestead Property.**

The Note represents funds advanced to Trustor on this day at Trustor's request and Trustor acknowledges receipt of such funds. Trustor states that Trustor does not now and does not intend ever to reside on, use in any manner, or claim the Property secured by this Deed as a business or residential homestead. Trustor disclaims all homestead rights, interests and exemptions related to the Property.

TEXAS DEED OF TRUST ADDENDUM
TXDOTA.CST  11/30/21                                    Page 2 of 3                              ☆ DocMagic

8.    **Loan Not a Home Equity Loan.** The Loan evidenced by the Note is not an extension of credit as defined by Section 50(a)(6) or Section 50(a)(7), Article XVI, of the Texas Constitution. If the Property is used as Trustor's residence, then Trustor will receive no cash from the Loan evidenced by the Note and that any advances not necessary to purchase the Property, extinguish an owelty lien, complete construction, or renew and extend a prior lien against the Property, will be used to reduce the balance evidenced by the Note or such Loan will be modified to evidence the correct Loan balance, at Beneficiary's option. Trustor agrees to execute any documentation necessary to comply with this Section.

9.    **NO ORAL AGREEMENTS. SECTION 26.02 NOTICE. IN ACCORDANCE WITH SECTION OF THE TEXAS BUSINESS AND COMMERCE CODE, THE LOAN DOCUMENTS EVIDENCING OR SECURING THE INDEBTEDNESS OR RELATING THERETO CONSTITUTE A WRITTEN LOAN AGREEMENT WHICH REPRESENTS THE FINAL AGREEMENT BETWEEN THE PARTIES AND MAY NOT BE CONTRADICTED BY EVIDENCE OF PRIOR CONTEMPORANEOUS OR SUBSEQUENT ORAL AGREEMENTS OF THE PARTIES. THERE ARE NO UNWRITTEN ORAL AGREEMENTS BETWEEN THE PARTIES.**

IN WITNESS WHEREOF, Trustor has signed and delivered this Deed Addendum as of the date first written above.

HTX HANNAN HOMES LLC, A TEXAS
LIMITED LIABILITY COMPANY

By: _____  _____
Signature  FARHANA QURESHI,        Date
MANAGER

WITNESS (as to all signatures):                WITNESS (as to all signatures):

_____          _____

TEXAS DEED OF TRUST ADDENDUM
TXDOTA.CST  11/30/21                    Page 3 of 3                    ☆ DocMagic

UNOFFICIAL COPY

RP-2024-282647

RP-2024-282647
# Pages 15
08/05/2024 09:03 AM
e-Filed & e-Recorded in the
Official Public Records of
HARRIS COUNTY
TENESHIA HUDSPETH
COUNTY CLERK
Fees $77.00

RECORDERS MEMORANDUM
This instrument was received and recorded electronically
and any blackouts, additions or changes were present
at the time the instrument was filed and recorded.

Any provision herein which restricts the sale, rental, or
use of the described real property because of color or
race is invalid and unenforceable under federal law.
THE STATE OF TEXAS
COUNTY OF HARRIS
I hereby certify that this instrument was FILED in
File Number Sequence on the date and at the time stamped
hereon by me; and was duly RECORDED in the Official
Public Records of Real Property of Harris County, Texas.

COUNTY CLERK
HARRIS COUNTY, TEXAS

dotloop signature verification: dtlp.us/rLB2-M2rh-QyWd

PROMULGATED BY THE TEXAS REAL ESTATE COMMISSION (TREC)
05-04-2026
## ONE TO FOUR FAMILY RESIDENTIAL CONTRACT (RESALE)
NOTICE:  Not For Use For Condominium Transactions



**1. PARTIES:** The parties to this contract are _____ HTX Hannan Homes LLC _____
(Seller) and _____ Waring Street LLC _____ (Buyer).
Seller agrees to sell and convey to Buyer and Buyer agrees to buy from Seller the Property defined below.

**2. PROPERTY:** The land, improvements and accessories are collectively referred to as the Property (Property).

A. LAND: Lot ___16___ Block ___3___ , AFTON OAKS SEC 5 _____
Addition, City of Houston _____ , County of Harris _____ ,
Texas, known as 4726 Waring Street, Houston, TX 77027 _____
(address/zip code), or as described on attached exhibit.

B. IMPROVEMENTS: The house, garage and all other fixtures and improvements attached to the above-described real property, including without limitation, the following **permanently installed and built-in items,** if any: all equipment and appliances, valances, screens, shutters, awnings, wall-to-wall carpeting, mirrors, ceiling fans, attic fans, mail boxes, television antennas, mounts and brackets for televisions and speakers, heating and air-conditioning units, security and fire detection equipment, wiring, plumbing and lighting fixtures, chandeliers, water softener system, kitchen equipment, garage door openers, cleaning equipment, shrubbery, landscaping, outdoor cooking equipment, generators, and all other property attached to the above described real property.

C. ACCESSORIES:  The following described related accessories, if any: window air conditioning units, stove, fireplace screens, curtains and rods, blinds, window shades, draperies and rods, door keys, mailbox keys, above ground pool, swimming pool equipment and maintenance accessories, artificial fireplace logs, security systems that are not fixtures, and controls for:  (i) garage doors, (ii) entry gates, and (iii) other improvements and accessories. "Controls" includes Seller's transferable rights to the (i) software and applications used to access and control improvements or accessories, and (ii) hardware used solely to control improvements or accessories.

D. EXCLUSIONS: The following improvements and accessories will  be  retained  by  Seller  and must be removed prior to delivery of possession: _____
_____ .

E. RESERVATIONS: Any reservation for oil, gas, or other minerals, water, timber, or other interests is made in accordance with an attached addendum.

**3. SALES PRICE:**

A. Cash portion of Sales Price payable by Buyer at closing...........................$___ 1100000 ___
The term "Cash portion of the Sales Price" does not include proceeds from borrowing of any kind or selling other real property except as disclosed in this contract.

B. Sum of all financing described in the attached: ☐  Third Party Financing Addendum,
☐  Loan Assumption Addendum, ☐  Seller Financing Addendum ..........$___
C. Sales Price (Sum of A and B) ...........................................................$___ 1,100,000.00 ___

**4. LEASES:** Except as disclosed in this contract, Seller is not aware of any leases affecting the Property. After the Effective Date, Seller may not, without Buyer's written consent, create a new lease, amend any existing lease, or convey any interest in the Property. (Check all applicable boxes)

☐A. RESIDENTIAL LEASES: The Property is subject to one or more residential leases and the Addendum Regarding Residential Leases is attached to this contract.

☐B. FIXTURE LEASES: Fixtures on the Property are subject to one or more fixture leases (for example, solar panels, propane tanks, water softener, security system) and the Addendum Regarding Fixture Leases is attached to this contract.

☐C. NATURAL RESOURCE LEASES: "Natural Resource Lease" means an existing oil and gas, mineral, geothermal, water, wind, or other natural resource lease affecting the Property to which Seller is a party.

☐(1) Seller has delivered to Buyer a copy of all the Natural Resource Leases.

☐(2) Seller has not delivered to Buyer a copy of all the Natural Resource Leases.  Seller shall provide to Buyer a copy of all the Natural Resource Leases within 3 days after the Effective Date. Buyer  may terminate the contract within _____ days  after  the  date  the  Buyer receives all the Natural Resource Leases and the earnest money shall be refunded to Buyer.

Initialed for identification by Buyer [RK] and Seller [ZC]    TREC NO. 20-19

dotloop signature verification: dtlp.us/rLB2-M2rh-QyWd

Contract Concerning _____4726 Waring Street, Houston, TX 77027_____ Page 2 of 12     05-04-2026
(Address of Property)

## 5. EARNEST MONEY AND TERMINATION OPTION:

A. DELIVERY OF EARNEST MONEY AND OPTION FEE: Within 3 days after the Effective Date, Buyer must deliver to _____Independence Title_____ (Escrow Agent) at 14090 Southwest Freeway, Suite 150 Sugar Land, TX 77478_____(address): $ N/A_____ as earnest money and $ N/A_____ as the option fee. The earnest money and option fee shall be made payable to Escrow Agent and may be paid separately or combined in a single payment.

(1) Buyer shall deliver additional earnest money of $_____ to Escrow Agent within _____ days after the Effective Date of this contract.

(2) If the last day to deliver the earnest money, option fee, or the additional earnest money falls on a Saturday, Sunday, or Legal Holiday, the time to deliver the earnest money, option fee, or the additional earnest money, as applicable, is extended until the end of the next day that is not a Saturday, Sunday, or Legal Holiday. "Legal Holiday" means a legal holiday described in Sections 662.003(a) and 662.003(b)(4) and (6), Texas Government Code.

(3) The amount(s) Escrow Agent receives under this paragraph shall be applied first to the option fee, then to the earnest money, and then to the additional earnest money.

(4) Buyer authorizes Escrow Agent to release and deliver the option fee to Seller at any time without further notice to or consent from Buyer, and releases Escrow Agent from liability for delivery of the option fee to Seller. The option fee will be credited to the Sales Price at closing.

B. TERMINATION OPTION: For nominal consideration, the receipt of which Seller acknowledges, and Buyer's agreement to pay the option fee within the time required, Seller grants Buyer the unrestricted right to terminate this contract by giving notice of termination to Seller within ___N/A___ days after the Effective Date of this contract (Option Period). Notices under this paragraph must be given by 5:00 p.m. (local time where the Property is located) by the date specified. If Buyer gives notice of termination within the time prescribed: (i) the option fee will not be refunded and Escrow Agent shall release any option fee remaining with Escrow Agent to Seller; and (ii) any earnest money will be refunded to Buyer.

C. FAILURE TO TIMELY DELIVER EARNEST MONEY: If Buyer fails to deliver the earnest money within the time required, Seller may terminate this contract or exercise Seller's remedies under Paragraph 15, or both, by providing notice to Buyer before Buyer delivers the earnest money.

D. FAILURE TO TIMELY DELIVER OPTION FEE: If no dollar amount is stated as the option fee or if Buyer fails to deliver the option fee within the time required, Buyer shall not have the unrestricted right to terminate this contract under this paragraph 5.

E. TIME: **Time is of the essence for this paragraph and strict compliance with the time for performance is required.**

## 6. TITLE POLICY AND SURVEY:

A. TITLE POLICY: Seller shall furnish to Buyer at ☑ Seller's ☐ Buyer's expense an owner policy of title insurance (Title Policy) issued by _____Independence Title_____(Title Company) in the amount of the Sales Price, dated at or after closing, insuring Buyer against loss under the provisions of the Title Policy, subject to the promulgated exclusions (including existing building and zoning ordinances) and the following exceptions:

(1) Restrictive covenants common to the platted subdivision in which the Property is located.

(2) The standard printed exception for standby fees, taxes and assessments.

(3) Liens created as part of the financing described in Paragraph 3.

(4) Utility easements created by the dedication deed or plat of the subdivision in which the Property is located.

(5) Reservations or exceptions otherwise permitted by this contract or as may be approved by Buyer in writing.

(6) The standard printed exception as to marital rights.

(7) The standard printed exception as to waters, tidelands, beaches, streams, and related matters.

(8) The standard printed exception as to discrepancies, conflicts, shortages in area or boundary lines, encroachments or protrusions, or overlapping improvements:
☑ (i) will not be amended or deleted from the title policy; or
☐ (ii) will be amended to read, "shortages in area" at the expense of ☐ Buyer    ☐ Seller.

(9) The exception or exclusion regarding minerals approved by the Texas Department of Insurance.

B. COMMITMENT: Within 20 days after the Title Company receives a copy of this contract, Seller shall furnish to Buyer a commitment for title insurance (Commitment) and, at Buyer's expense, legible copies of restrictive covenants and documents evidencing exceptions in the Commitment (Exception Documents) other than the standard printed exceptions. Seller authorizes the Title Company to deliver the Commitment and Exception Documents to Buyer at Buyer's address shown in Paragraph 21. If the Commitment and Exception Documents are not delivered to Buyer within the specified time, the time for delivery will be automatically extended up to 15 days or 3 days before the Closing Date, whichever is earlier. If the Commitment and Exception Documents are not delivered within the time required, Buyer may terminate this contract and the earnest money will be refunded to Buyer.

Initialed for identification by Buyer ___RK___ ___ and Seller ___ZD___ ___     TREC NO. 20-19

Contract Concerning _____ 4726 Waring Street, Houston, TX 77027 _____ Page 3 of 12    05-04-2026
(Address of Property)

C. SURVEY: The survey must be made by a registered professional land surveyor acceptable to the Title Company and Buyer's lender(s). (Check one box only)

☐ (1) Within _____ days after the Effective Date of this contract, Seller shall furnish to Buyer and Title Company Seller's existing survey of the Property and a Residential Real Property Affidavit or Declaration promulgated by the Texas Department of Insurance (T-47 Affidavit or T-47.1 Declaration). Buyer shall obtain a new survey at Seller's expense no later than 3 days prior to Closing Date if Seller fails to furnish within the time prescribed both the: (i) existing survey; and (ii) affidavit or declaration. If the Title Company or Buyer's lender does not accept the existing survey, or the affidavit or declaration, Buyer shall obtain a new survey at ☐ Seller's ☐ Buyer's expense no later than 3 days prior to Closing Date.

☐ (2) Within _____ days after the Effective Date of this contract, Buyer may obtain a new survey at Buyer's expense. Buyer is deemed to receive the survey on the date of actual receipt or the date specified in this paragraph, whichever is earlier. If Buyer fails to obtain the survey, Buyer may not terminate the contract under Paragraph 2B of the Third Party Financing Addendum because the survey was not obtained.

☐ (3) Within _____ days after the Effective Date of this contract, Seller, at Seller's expense shall furnish a new survey to Buyer.

D. OBJECTIONS: Buyer may object in writing to defects, exceptions, or encumbrances to title: disclosed on the survey other than items 6A(1) through (7) above; disclosed in the Commitment other than items 6A(1) through (9) above; or which prohibit the following use or activity: residential _____.
Buyer must object the earlier of (i) the Closing Date or (ii) __N/A__ days after Buyer receives the Commitment, Exception Documents, and the survey. Buyer's failure to object within the time allowed will constitute a waiver of Buyer's right to object; except that the requirements in Schedule C of the Commitment are not waived by Buyer. Provided Seller is not obligated to incur any expense, Seller shall cure any timely objections of Buyer or any third party lender within 15 days after Seller receives the objections (Cure Period) and the Closing Date will be extended as necessary. If objections are not cured within the Cure Period, Buyer may, by delivering notice to Seller within 5 days after the end of the Cure Period: (i) terminate this contract and the earnest money will be refunded to Buyer; or (ii) waive the objections. If Buyer does not terminate within the time required, Buyer shall be deemed to have waived the objections. If the Commitment or survey is revised or any new Exception Document(s) is delivered, Buyer may object to any new matter revealed in the revised Commitment or survey or new Exception Document(s) within the same time stated in this paragraph to make objections beginning when the revised Commitment, survey, or Exception Document(s) is delivered to Buyer.

E. TITLE NOTICES:

(1) ABSTRACT OR TITLE POLICY: Broker advises Buyer to have an abstract of title covering the Property examined by an attorney of Buyer's selection, or Buyer should be furnished with or obtain a Title Policy. If a Title Policy is furnished, the Commitment should be promptly reviewed by an attorney of Buyer's choice due to the time limitations on Buyer's right to object.

(2) MEMBERSHIP IN PROPERTY OWNERS ASSOCIATION(S): The Property ☑ is ☐ is not subject to mandatory membership in a property owners association(s). If the Property is subject to mandatory membership in a property owners association(s), Seller notifies Buyer under §5.012, Texas Property Code, that, as a purchaser of property in the residential community identified in Paragraph 2A in which the Property is located, you are obligated to be a member of the property owners association(s). Restrictive covenants governing the use and occupancy of the Property and all dedicatory instruments governing the establishment, maintenance, or operation of this residential community have been or will be recorded in the Real Property Records of the county in which the Property is located. Copies of the restrictive covenants and dedicatory instruments may be obtained from the county clerk. **You are obligated to pay assessments to the property owners association(s). The amount of the assessments is subject to change. Your failure to pay the assessments could result in enforcement of the association's lien on and the foreclosure of the Property.** Section 207.003, Property Code, entitles an owner to receive copies of any document that governs the establishment, maintenance, or operation of a subdivision, including, but not limited to, restrictions, bylaws, rules and regulations, and a resale certificate from a property owners' association. A resale certificate contains information including, but not limited to, statements specifying the amount and frequency of regular assessments and the style and cause number of lawsuits to which the property owners' association is a party, other than lawsuits relating to unpaid ad valorem taxes of an individual member of the association. These documents must be made available to you by the property owners' association or the association's agent on your request. **If Buyer is concerned about these matters, the TREC promulgated Addendum for Property Subject to Mandatory Membership in a Property Owners Association(s) should be used.**

(3) STATUTORY TAX DISTRICTS: If the Property is situated in a utility or other statutorily created district providing water, sewer, drainage, or flood control facilities and services, Chapter 49, Texas Water Code, requires Seller to deliver and Buyer to sign the statutory notice relating to the tax rate, bonded indebtedness, or standby fee of the district prior to final execution of this contract.

Initialed for identification by Buyer, _RK_ ⎸ ⎸ and Seller _ZC_ ⎸ ⎸    TREC NO. 20-19

dotloop signature verification: dtlp.us/rLB2-M2rh-QyWd

Contract Concerning _____ 4726 Waring Street, Houston, TX 77027 _____ Page 4 of 12    05-04-2026
(Address of Property)

(4) TIDE WATERS:  If the Property abuts the tidally influenced waters of the state, §33.135, Texas Natural Resources Code, requires a notice regarding coastal area property to be included in the contract.

(5) ANNEXATION: If the Property is located outside the limits of a municipality, Seller notifies Buyer under §5.011, Texas Property Code, that the Property may now or later be included in the extraterritorial jurisdiction of a municipality and may now or later be subject to annexation by the municipality. Each municipality maintains a map that depicts its boundaries and extraterritorial jurisdiction. To determine if the Property is located within a municipality's extraterritorial jurisdiction or is likely to be located within a municipality's extraterritorial jurisdiction, contact all municipalities located in the general proximity of the Property for further information.

(6) PROPERTY LOCATED IN A CERTIFICATED SERVICE AREA OF A UTILITY SERVICE PROVIDER: Notice required by §13.257, Water Code:  The real property, described in Paragraph 2, that you are about to purchase may be located in a certificated water or sewer service area, which is authorized by law to provide water or sewer service to the properties in the certificated area. If your property is located in a certificated area there may be special costs or charges that you will be required to pay before you can receive water or sewer service. There may be a period required to construct lines or other facilities necessary to provide water or sewer service to your property. You are advised to determine if the property is in a certificated area and contact the utility service provider to determine the cost that you will be required to pay and the period, if any, that is required to provide water or sewer service to your property. The undersigned Buyer hereby acknowledges receipt of the foregoing notice at or before the execution of a binding contract for the purchase of the real property described in Paragraph 2 or at closing of purchase of the real property.

(7) PUBLIC IMPROVEMENT DISTRICTS: If the Property is in a public improvement district, Seller must give Buyer written notice as required by §5.014, Property Code.

(8) TRANSFER FEES: If the Property is subject to a private transfer fee obligation, §5.205, Property Code, requires Seller to notify Buyer as follows:  The private transfer fee obligation may be governed by Chapter 5, Subchapter G of the Texas Property Code.

(9) PROPANE GAS SYSTEM SERVICE AREA:  If the Property is located in a propane gas system service area owned by a distribution system retailer, Seller must give Buyer written notice as required by §141.010, Texas Utilities Code.

(10) NOTICE OF WATER LEVEL FLUCTUATIONS: If the Property adjoins an impoundment of water, including a reservoir or lake, constructed and maintained under Chapter 11, Water Code, that has a storage capacity of at least 5,000 acre-feet at the impoundment's normal operating level, Seller hereby notifies Buyer: "The water level of the impoundment of water adjoining the Property fluctuates for various reasons, including as a result of: (1) an entity lawfully exercising its right to use the water stored in the impoundment; or (2) drought or flood conditions."

(11) CERTIFICATE OF MOLD REMEDIATION:  If the Property has been remediated for mold, Seller must provide to Buyer each certificate of mold damage remediation issued under §1958.154, Occupations Code, during the 5 years preceding the sale of the Property.

**7. PROPERTY CONDITION:**

A. ACCESS, INSPECTIONS AND UTILITIES:  Seller shall permit Buyer and Buyer's agents access to the Property at reasonable times. Buyer may have the Property inspected by inspectors selected by Buyer and licensed by TREC or otherwise permitted by law to make inspections. Any hydrostatic testing must be separately authorized by Seller in writing. Seller at Seller's expense shall immediately cause existing utilities to be turned on and shall keep the utilities on during the time this contract is in effect.

B. SELLER'S DISCLOSURE NOTICE PURSUANT TO §5.008, TEXAS PROPERTY CODE (Seller's Disclosure Notice):
(Check one box only)
☑ (1) Buyer has received the Seller's Disclosure Notice.
☐ (2) Buyer has not received the Seller's Disclosure Notice.  Within _____ days after the Effective Date of this contract, Seller shall deliver the Seller's Disclosure Notice to Buyer. If Buyer does not receive the Seller's Disclosure Notice, Buyer may terminate this contract at any time prior to the closing and the earnest money will be refunded to Buyer. If Seller delivers the Seller's Disclosure Notice, Buyer may terminate this contract for any reason within 7 days after Buyer receives the Seller's Disclosure Notice or prior to the closing, whichever first occurs, and the earnest money will be refunded to Buyer.
☐ (3) The Seller is not required to furnish the Seller's Disclosure Notice under the Texas Property Code.

C. SELLER'S DISCLOSURE OF LEAD-BASED PAINT AND LEAD-BASED PAINT HAZARDS is required by Federal law for a residential dwelling constructed prior to  1978.

D. ACCEPTANCE OF PROPERTY CONDITION: "As Is" means the present condition of the Property with any and all defects and without warranty except for the warranties of title and the warranties in this contract. Buyer's agreement to accept the Property As Is under Paragraph 7D (1) or (2) does not preclude Buyer from inspecting the Property under Paragraph 7A, from negotiating repairs or treatments in a subsequent amendment, or from terminating this contract during the Option Period, if any.

Initialed for identification by Buyer _____ RK _____ and Seller _____ ZC _____    TREC NO. 20-19
06/26/26                    06/26/26

Contract Concerning 4726 Waring Street, Houston, TX 77027 _____ Page 5 of 12     05-04-2026
(Address of Property)

(Check one box only)

☑ (1) Buyer accepts the Property As Is.

☐ (2) Buyer accepts the Property As Is provided Seller, at Seller's expense, shall complete the following specific repairs and treatments: _____

_____

(Do not insert general phrases, such as "subject to inspections" that do not identify specific repairs and treatments.)

E. LENDER REQUIRED REPAIRS AND TREATMENTS: Unless otherwise agreed in writing, neither party is obligated to pay for lender required repairs, which includes treatment for wood destroying insects. If the parties do not agree to pay for the lender required repairs or treatments, this contract will terminate and the earnest money will be refunded to Buyer.  If the cost of lender required repairs and treatments exceeds 5% of the Sales Price, Buyer may terminate this contract and the earnest money will be refunded to Buyer.

F. COMPLETION OF REPAIRS AND TREATMENTS:  Unless otherwise agreed in writing, Seller shall complete all agreed repairs and treatments prior to the Closing Date and obtain any required permits. The repairs and treatments must be performed by persons who are licensed to provide such repairs or treatments or, if no license is required by law, are commercially engaged in the trade of providing such repairs or treatments.  Seller shall: (i) provide Buyer with copies of documentation from the repair person(s) showing the scope of work and payment for the work completed; and (ii) at Seller's expense, arrange for the transfer of any transferable warranties with respect to the repairs and treatments to Buyer at closing. If Seller fails to complete any agreed repairs and treatments prior to the Closing Date, Buyer may exercise remedies under Paragraph 15 or extend the Closing Date up to 5 days if necessary for Seller to complete the repairs and treatments.

G. ENVIRONMENTAL MATTERS: Buyer is advised that the presence of wetlands, toxic substances, including asbestos and wastes or other environmental hazards, or the presence of a threatened or endangered species or its habitat may affect Buyer's intended use of the Property. If Buyer is concerned about these matters, an addendum promulgated by TREC or required by the parties should be used.

H. RESIDENTIAL SERVICE CONTRACTS: Buyer may purchase a residential service contract from a provider or administrator licensed by the Texas Department of Licensing and Regulation. If Buyer purchases a residential service contract, Seller shall reimburse Buyer at closing for the cost of the residential service contract in an amount not exceeding $N/A_____.  Buyer should review any residential service contract for the scope of coverage, exclusions and limitations. **The purchase of a residential service contract is optional. Similar coverage may be purchased from various companies authorized to do business in Texas.**

I. SELLER'S DISCLOSURE ABOUT GROUNDWATER AND SURFACE WATER RIGHTS (Seller's Water Disclosure): Access to surface water or groundwater on the Property may be regulated, restricted, or prohibited, including but not limited to the right to drill or operate water wells and the right to withdraw water from surface water sources on or adjoining the Property.  The parties shall use the Seller's Water Disclosure published by TREC to identify information related to groundwater and surface water rights. (Check one box only)

☐ (1) Buyer has received the Seller's Water Disclosure.

☐ (2) Buyer has not received the Seller's Water Disclosure. Within _____ days after the Effective Date of this contract, Seller shall deliver the Seller's Water Disclosure to Buyer. If Buyer does not receive the Seller's Water Disclosure, Buyer may terminate this contract at any time prior to the closing and the earnest money will be refunded to Buyer. If Seller delivers the Seller's Water Disclosure, Buyer may terminate this contract for any reason within 7 days after Buyer receives the Seller's Water Disclosure or prior to the closing, whichever first occurs, and the earnest money will be refunded to Buyer.

☑ (3) Seller is not required to deliver the Seller's Water Disclosure to Buyer because all of the following are true:

   (a) Seller is not aware of a water well on the Property (in use or not in use);
   (b) Seller is not aware of a pond, lake, or water tank on the Property;
   (c) Seller is not aware of any certificate of adjudication, certified filing, or permit for surface water rights associated with the Property administered by the Texas Commission on Environmental Quality;
   (d) Seller is not aware that any groundwater rights to the Property have been severed, sold, or leased in whole or in part; and
   (e) the Property receives water only from the following municipality (City), municipal utility district (MUD) or other special district, water supply corporation (WSC), or private water supply company (PWC): City of Houston _____.

**8. BROKER OR SALES AGENT DISCLOSURE:**

Texas law requires a real estate broker or sales agent who is a party to a transaction or acting on behalf of a spouse, parent, child, business entity in which the broker or sales agent owns more than 10%, or a trust for which the broker or sales agent acts as a trustee or of which the broker

Initialed for identification by Buyer | RK | and Seller | ZC |     TREC NO. 20-19

dotloop signature verification: dtlp.us/rLB2-M2rh-QyWd

Contract Concerning _____ 4726 Waring Street, Houston, TX 77027 _____ Page 6 of 12    05-04-2026
(Address of Property)

or sales agent or the broker or sales agent's spouse, parent or child is a beneficiary, to notify the other party in writing before entering into a contract of sale. Disclose if applicable: _____

**9. CLOSING:**
A. The closing of the sale will be on or before _____ 07/03/2026 _____, or within 7 days after objections made under Paragraph 6D have been cured or waived, whichever date is later (Closing Date). If either party fails to close the sale by the Closing Date, the non-defaulting party may exercise the remedies contained in Paragraph 15.
B. At closing:
(1) Seller shall execute and deliver a general warranty deed conveying title to the Property to Buyer and showing no additional exceptions to those permitted in Paragraph 6 and furnish tax statements or certificates showing no delinquent taxes on the Property.
(2) Buyer shall pay the Sales Price in good funds acceptable to the Escrow Agent.
(3) Seller and Buyer shall execute and deliver any notices, statements, certificates, affidavits, releases, loan documents, transfer of any warranties, and other documents reasonably required for the closing of the sale and the issuance of the Title Policy.
(4) There will be no liens, assessments, or security interests against the Property which will not be satisfied out of the sales proceeds unless securing the payment of any loans assumed by Buyer and assumed loans will not be in default.
(5) Private transfer fees (as defined by Chapter 5, Subchapter G of the Texas Property Code) will be the obligation of Seller unless provided otherwise in this contract. Transfer fees assessed by a property owners' association are governed by the Addendum for Property Subject to Mandatory Membership in a Property Owners Association.

**10. POSSESSION:**
A. BUYER'S POSSESSION: Seller shall deliver to Buyer possession of the Property in its present or required condition, ordinary wear and tear excepted: ☑upon closing and funding ☐according to a temporary residential lease form promulgated by TREC or other written lease required by the parties. Any possession by Buyer prior to closing or by Seller after closing which is not authorized by a written lease will establish a tenancy at sufferance relationship between the parties. **Consult your insurance agent prior to change of ownership and possession because insurance coverage may be limited or terminated. The absence of a written lease or appropriate insurance coverage may expose the parties to economic loss.**
B. SMART DEVICES: "Smart Device" means a device that connects to the internet to enable remote use, monitoring, and management of: (i) the Property; (ii) items identified in any Non-Realty Items Addendum; or (iii) items in a Fixture Lease assigned to Buyer. At the time Seller delivers possession of the Property to Buyer, Seller shall:
(1) deliver to Buyer written information containing all access codes, usernames, passwords, and applications Buyer will need to access, operate, manage, and control the Smart Devices; and
(2) terminate and remove all access and connections to the improvements and accessories from any of Seller's personal devices including but not limited to phones and computers.

**11. SPECIAL PROVISIONS:** (This paragraph is intended to be used only for additional informational items. An informational item is a statement that completes a blank in a contract form, discloses factual information, or provides instructions. Real estate brokers and sales agents are prohibited from practicing law and shall not add to, delete, or modify any provision of this contract unless drafted by a party to this contract or a party's attorney.) _____

**12. SETTLEMENT AND OTHER EXPENSES:**
A. EXPENSES: The following expenses must be paid at or prior to closing:
(1) Seller shall pay the following expenses (Seller's Expenses):
(a) releases of existing liens, including prepayment penalties and recording fees; release of Seller's loan liability; tax statements or certificates; preparation of deed; one-half of escrow fee; and other expenses payable by Seller under this contract; and
(b) an amount not to exceed $ N/A _____ to be applied to Buyer's Expenses other than brokerage compensation or contributions under Paragraph 12B below.
(2) Buyer shall pay the following expenses (Buyer's Expenses): Appraisal fees; loan application fees; origination charges; credit reports; preparation of loan documents; interest on the notes from date of disbursement to one month prior to dates of first monthly payments; recording fees; copies of easements and restrictions; loan title policy with endorsements required by lender; loan-related inspection fees; photos; amortization schedules; one-half of escrow fee; all prepaid items, including required premiums for flood and hazard insurance, reserve deposits for insurance, ad valorem taxes and special governmental assessments; final compliance inspection; courier fee; repair inspection; underwriting fee; wire transfer fee; expenses incident to any loan; Private Mortgage Insurance Premium

Initialed for identification by Buyer ___ *RK* ___ and Seller ___ *ZC* ___    TREC NO. 20-19
06/26/26                       06/26/26
Keller Williams Realty Metropolitan    4265 San Felipe St. Suite 800 Houston, TX 77027    832-715-3377    Marc Griner    TXR 1601

Contract Concerning 4726 Waring Street, Houston, TX 77027                    Page 7 of 12    05-04-2026
(Address of Property)

(PMI), VA Loan Funding Fee, or FHA Mortgage Insurance Premium (MIP) as required by the lender; and other expenses payable by Buyer under this contract.

B. **BROKERAGE COMPENSATION:** Brokerage compensation is not set by law and is fully negotiable. Each party shall pay their respective brokers pursuant to the terms of the parties' obligations to compensate their brokers contained in separate written agreements. **The contributions under 12B(1) and 12B(2) below shall be applied to and shall not change the parties' obligations to pay compensation pursuant to those agreements.** The following contributions must be paid at closing:

☐ (1)  Seller will pay (check one box only): ☐ $ N/A _____ or ☐ _____ N/A % of the Sales Price to be applied toward the brokerage compensation owed by Buyer to Buyer's broker.

☐ (2)  Buyer will pay (check one box only): ☐ $ N/A _____ or ☐ _____ N/A % of the Sales Price to be applied toward the brokerage compensation owed by Seller to Seller's broker.

C. **EXPENSE LIMITATION:** If a governmental loan program regulation prohibits Buyer from paying charges or fees, then the amount of any concession in 12A(1)(b) shall be first applied to pay such prohibited expenses and then to other Buyer's Expenses but not brokerage compensation or contribution.

13. **PRORATIONS:** Taxes for the current year, interest, rents, and regular periodic maintenance fees, assessments, and dues (including prepaid items) will be prorated through the Closing Date. The tax proration may be calculated taking into consideration any change in exemptions that will affect the current year's taxes. If taxes for the current year vary from the amount prorated at closing, the parties shall adjust the prorations when tax statements for the current year are available. If taxes are not paid at or prior to closing, Buyer shall pay taxes for the current year.

14. **CASUALTY LOSS:** If any part of the Property is damaged or destroyed by fire or other casualty after the Effective Date of this contract, Seller shall restore the Property to its previous condition as soon as reasonably possible, but in any event by the Closing Date. If Seller fails to do so due to factors beyond Seller's control, Buyer may (a) terminate this contract and the earnest money will be refunded to Buyer (b) extend the time for performance up to 15 days and the Closing Date will be extended as necessary or (c) accept the Property in its damaged condition with an assignment of insurance proceeds, if permitted by Seller's insurance carrier, and receive credit from Seller at closing in the amount of the deductible under the insurance policy. Seller's obligations under this paragraph are independent of any other obligations of Seller under this contract.

15. **DEFAULT:** If Buyer fails to comply with this contract, Buyer will be in default, and Seller may (a) enforce specific performance, seek such other relief as may be provided by law, or both, or (b) terminate this contract and receive the earnest money as liquidated damages, thereby releasing both parties from this contract. If Seller fails to comply with this contract, Seller will be in default and Buyer may (a) enforce specific performance, seek such other relief as may be provided by law, or both, or (b) terminate this contract and receive the earnest money, thereby releasing both parties from this contract.

16. **MEDIATION:** It is the policy of the State of Texas to encourage resolution of disputes through alternative dispute resolution procedures such as mediation. Any dispute between Seller and Buyer related to this contract which is not resolved through informal discussion will be submitted to a mutually acceptable mediation service or provider. The parties to the mediation shall bear the mediation costs equally. This paragraph does not preclude a party from seeking equitable relief from a court of competent jurisdiction.

17. **ATTORNEY'S FEES:** A Buyer, Seller, Seller's broker, Buyer's broker, or Escrow Agent who prevails in any legal proceeding related to this contract is entitled to recover reasonable attorney's fees and all costs of such proceeding.

18. **ESCROW:**

A. ESCROW: The Escrow Agent is not (i) a party to this contract and does not have liability for the performance or nonperformance of any party to this contract, (ii) liable for interest on the earnest money and (iii) liable for the loss of any earnest money caused by the failure of any financial institution in which the earnest money has been deposited unless the financial institution is acting as Escrow Agent. Escrow Agent may require any disbursement made in connection with this contract to be conditioned on Escrow Agent's collection of good funds acceptable to Escrow Agent.

B. EXPENSES: At closing, the earnest money must be applied first to any cash down payment, then to Buyer's Expenses and any excess refunded to Buyer. If no closing occurs, Escrow Agent may: (i) require a written release of liability of the Escrow Agent from all parties before releasing any earnest money; and (ii) require payment of unpaid expenses incurred on behalf of a party. Escrow Agent may deduct authorized expenses from the earnest money payable to a party. "Authorized expenses" means expenses incurred by Escrow Agent on behalf of the party entitled to the earnest money that were authorized by this contract or that party.

C. DEMAND: Upon termination of this contract, either party or the Escrow Agent may send a release of earnest money to each party and the parties shall execute counterparts of the release and deliver same to the Escrow Agent. If either party fails to execute the release, either party may make a written demand to the Escrow Agent for the earnest money. If only one

Initialed for identification by Buyer [RK] and Seller [ZG]                    TREC NO. 20-19

dotloop signature verification: dtlp.us/rLB2-M2rh-QyWd

Contract Concerning _____4726 Waring Street, Houston, TX 77027_____ Page 8 of 12    05-04-2026
(Address of Property)

party makes written demand for the earnest money, Escrow Agent shall promptly provide a copy of the demand to the other party. If Escrow Agent does not receive written objection to the demand from the other party within 15 days, Escrow Agent may disburse the earnest money to the party making demand reduced by the amount of unpaid expenses incurred on behalf of the party receiving the earnest money and Escrow Agent may pay the same to the creditors. If Escrow Agent complies with the provisions of this paragraph, each party hereby releases Escrow Agent from all adverse claims related to the disbursal of the earnest money.

D. DAMAGES: Any party who wrongfully fails or refuses to sign a release acceptable to the Escrow Agent within 7 days of receipt of the request will be liable to the other party for (i) damages; (ii) the earnest money; (iii) reasonable attorney's fees; and (iv) all costs of suit.

E. NOTICES: Escrow Agent's notices will be effective when sent in compliance with Paragraph 21. Notice of objection to the demand will be deemed effective upon receipt by Escrow Agent.

19. **REPRESENTATIONS:** All covenants, representations and warranties in this contract survive closing. If any representation of Seller in this contract is untrue on the Closing Date, Seller will be in default. Unless expressly prohibited by written agreement, Seller may continue to show the Property and receive, negotiate and accept back up offers.

20. **GOVERNMENTAL REQUIREMENTS:**

A. If Seller is a "foreign person," as defined by Internal Revenue Code and its regulations, or if Seller fails to deliver an affidavit or a certificate of non-foreign status to Buyer that Seller is not a "foreign person," then Buyer shall withhold from the sales proceeds an amount sufficient to comply with applicable tax law and deliver the same to the Internal Revenue Service together with appropriate tax forms. Internal Revenue Service regulations require filing written reports if currency in excess of specified amounts is received in the transaction.

B. Seller and Buyer shall promptly execute and deliver any statements, documents, and information requested by Escrow Agent required by governmental reporting requirements (for example, reporting to the U.S. Treasury or its bureaus).

21. **NOTICES:** All notices from one party or their agent to the other must be in writing. Notices are effective when mailed to, hand-delivered at, sent by overnight courier to, or transmitted by electronic transmission to the other party or their agent.

**To Buyer(s) at:**

Address:_____

**To Seller(s) at:**

Address:_____

Phone(s):_____

Phone(s):_____

Email(s):_____
ridwan@hamrinvestments.com

Email(s):_____
zerin0821@gmail.com

**To Buyer's agent at:**

Address:_____

**To Seller's agent at:**

Address:_____

Phone:_____

Phone:_____

Email:_____

Email:_____

Initialed for identification by Buyer [ RK ] [ ] and Seller [ ZC ] [ ]    TREC NO. 20-19

Keller Williams Realty Metropolitan    4265 San Felipe St. Suite 800 Houston, TX 77027    832-715-3377    Marc Griner    TXR 1601

Contract Concerning _____ 4726 Waring Street, Houston, TX 77027 _____ Page 9 of 12    05-04-2026
(Address of Property)

22. **AGREEMENT OF PARTIES:** This contract contains the entire agreement of the parties and cannot be changed except by their written agreement. Addenda and notices which are a part of this contract are (check all applicable boxes):

**Financial**
☐ Third Party Financing Addendum
☐ Addendum for Sale of Other Property by Buyer
☐ Addendum Concerning Right to Terminate Due to Lender's Appraisal
☐ Seller Financing Addendum
☐ Addendum for Section 1031 Exchange
☐ Short Sale Addendum
☐ Loan Assumption Addendum
☐ Addendum for Release of Liability on Assumed Loan and/or Restoration of Seller's VA Entitlement

**Leases**
☐ Addendum Regarding Residential Leases
☐ Addendum Regarding Fixture Leases
☐ Buyer's Temporary Residential Lease
☐ Seller's Temporary Residential Lease

**Additional Tests and Reports**
☐ Addendum for Authorizing Hydrostatic Testing
☐ Environmental Assessment, Threatened or Endangered Species, and Wetlands Addendum

**Statutory Disclosures and Notices**
☐ Addendum for Seller's Disclosure of Information on Lead-Based Paint and Lead-Based Paint Hazards as Required by Federal Law
☐ Addendum for Property in a Propane Gas System Service Area
☐ Addendum for Property Located Seaward of the Gulf Intercoastal Waterway
☐ Addendum for Coastal Area Property
☐ The following utility, water, drainage, public improvement, and other district notices (list all that have been given or are attached): _____

**NOTICE: Seller's failure to provide applicable Statutory Disclosures and Notices may provide Buyer with remedies or rights to terminate this contract.**

**Other**
☑ Addendum for Property Subject to Mandatory Membership in a Property Owners Association
☐ Non-Realty Items Addendum
☐ Addendum for "Back-Up" Contract
☐ Addendum for Reservation of Oil, Gas, and Other Minerals
☐ Other: _____

23. **CONSULT AN ATTORNEY BEFORE SIGNING:** TREC rules prohibit real estate brokers and sales agents from giving legal advice. READ THIS CONTRACT CAREFULLY.

| Buyer's Attorney is: _____ | Seller's Attorney is: _____ |
|---|---|
| _____ | _____ |
| Phone: _____ | Phone: _____ |
| Fax: _____ | Fax: _____ |
| E-mail: _____ | E-mail: _____ |

Initialed for identification by Buyer [RK] [06/26/26] and Seller [ZC] [06/26/26]    TREC NO. 20-19

Keller Williams Realty Metropolitan    4265 San Felipe St. Suite 800 Houston, TX 77027    832-715-3377    Marc Griner
TXR 1601

dotloop signature verification: dtlp.us/rLB2-M2rh-QyWd

Contract Concerning _____4726 Waring Street, Houston, TX 77027_____ Page 10 of 12    05-04-2026
(Address of Property)

**EXECUTED the_____day of ____06/26/2026_____, 20_____(Effective Date).**
**(BROKER: FILL IN THE DATE OF FINAL ACCEPTANCE.)**

*Ridwan Khan*                                   dotloop verified
                                                06/26/26 2:37 PM CDT
                                                IYJY-9ER3-3UGI-XCLD
Buyer

*Zerin Chowdhury*                               dotloop verified
                                                06/26/26 2:42 PM CDT
                                                AGVP-UZN9-NBB5-1HRO
Seller

Buyer

Seller



The form of this contract has been approved by the Texas Real Estate Commission.    TREC forms are intended for use only by trained real estate license holders. No representation is made as to the legal validity or adequacy of any provision in any specific transactions. It is not intended for complex transactions. Texas Real Estate Commission, P.O. Box 12188, Austin, TX 78711-2188, (512) 936-3000 (http://www.trec.texas.gov) TREC NO. 20-19. This form replaces TREC NO. 20-18.

Keller Williams Realty Metropolitan        4265 San Felipe St. Suite 800 Houston, TX 77027        832-715-3377        Marc Griner

**TREC NO. 20-19**

TXR 1601

dotloop signature verification: dtlp.us/rLB2-M2rh-QyWd

Contract Concerning _____4726 Waring Street, Houston, TX 77027_____ Page 11 of 12     05-04-2026
(Address of Property)

## BROKER CONTACT INFORMATION
(Print name(s) only. Do not sign)

The brokers to this sale are:

N/A_____ (Broker Firm) **represents Seller only as Seller's agent**.
    Address:_____
    Broker Firm License No.:_____
    Associate's Name:_____
    Team Name:_____
    Associate's Email:_____
    Associate's Phone No.:_____ Associate's License No.:_____
    Licensed Supervisor of Associate:_____
    Phone No. of Licensed Supervisor:_____ License No.:_____

N/A_____ (Broker Firm) **represents Buyer only as Buyer's agent**.
    Address:_____
    Broker Firm License No.:_____
    Associate's Name:_____
    Team Name:_____
    Associate's Email:_____
    Associate's Phone No.:_____ Associate's License No.:_____
    Licensed Supervisor of Associate:_____
    Phone No. of Licensed Supervisor:_____ License No.:_____

## Intermediary

_____ (Broker Firm) **represents Seller and Buyer as an intermediary**.
    Address:_____
    Broker Firm License No.:_____
    Associate's Name (for Seller):_____
      Team Name:_____
      Associate's Email:_____
      Associate's Phone No.:_____ Associate's License No.:_____
      Licensed Supervisor of Associate:_____
      Phone No. of Licensed Supervisor:_____ License No.:_____
    Associate's Name (for Buyer):_____
      Team Name:_____
      Associate's Email:_____
      Associate's Phone No.:_____ Associate's License No.:_____
      Licensed Supervisor of Associate:_____
      Phone No. of Licensed Supervisor:_____ License No.:_____

Keller Williams Realty Metropolitan     4265 San Felipe St. Suite 800 Houston, TX 77027     832-715-3377     Marc Griner     TREC NO. 20-19

TXR 1601

dotloop signature verification: dtlp.us/rLB2-M2rh-QyWd

Contract Concerning _____4726 Waring Street, Houston, TX 77027_____ Page 12 of 12     05-04-2026
(Address of Property)

## OPTION FEE RECEIPT

Receipt of $ Error option fee in the form of _____
is acknowledged.

_____
Escrow Agent                                                                                    Date

## EARNEST MONEY RECEIPT

Receipt of $ Error earnest money in the form of _____
is acknowledged.

_____     _____
Escrow Agent                            Received by     Email Address                            Date/Time

_____     _____
Address                                                                    Phone

_____     _____
City                              State                     Zip                              Fax

## CONTRACT RECEIPT

Receipt of the contract is acknowledged.

_____     _____
Escrow Agent                            Received by     Email Address                            Date

_____     _____
Address                                                                    Phone

_____     _____
City                              State                     Zip                              Fax

## ADDITIONAL EARNEST MONEY RECEIPT

Receipt of  $.00_____ additional earnest money in the form of _____
is acknowledged.

_____     _____
Escrow Agent                            Received by     Email Address                            Date/Time

_____     _____
Address                                                                    Phone

_____     _____
City                              State                     Zip                              Fax

Keller Williams Realty Metropolitan        4265 San Felipe St. Suite 800 Houston, TX 77027        832-715-3377        Marc Griner        TREC NO. 20-19

TXR 1601

dotloop signature verification: dtlp.us/YtrO-KfG3-0EHG



PROMULGATED BY THE TEXAS REAL ESTATE COMMISSION (TREC)

05-04-2026

# ADDENDUM FOR PROPERTY SUBJECT TO MANDATORY MEMBERSHIP IN A PROPERTY OWNERS ASSOCIATION
(NOT FOR USE WITH CONDOMINIUMS)
**ADDENDUM TO CONTRACT CONCERNING THE PROPERTY AT**

**4726 Waring Street, Houston, TX 77027**
(Street Address and City)

**Afton Oaks Civic Club**                                      (832) 494-7749
(Name of Property Owners Association, (Association) and Phone Number)

**A. SUBDIVISION INFORMATION:** "Subdivision Information" means: (i) a current copy of the restrictions applying to the subdivision and bylaws and rules of the Association, and (ii) a resale certificate, all of which are described by Section 207.003 of the Texas Property Code.

(Check only one box):

☐ 1. Within _____ days after the effective date of the contract, Seller shall obtain, pay for, and deliver the Subdivision Information to the Buyer. If Seller delivers the Subdivision Information, Buyer may terminate the contract within 3 days after Buyer receives the Subdivision Information or prior to closing, whichever occurs first, and the earnest money will be refunded to Buyer.  If Buyer does not receive the Subdivision Information, Buyer, as Buyer's sole remedy, may terminate the contract at any time prior to closing and the earnest money will be refunded to Buyer.

☐ 2. Within _____ days after the Effective Date of the contract, Buyer shall obtain the Subdivision Information at Buyer's expense. Buyer is deemed to receive the Subdivision Information on the date of actual receipt or date specified in this paragraph, whichever is earlier. Buyer may terminate the contract within 3 days after Buyer receives the Subdivision Information or prior to closing, whichever occurs first, and the earnest money will be refunded to Buyer.

☐ 3. Buyer has received and approved the Subdivision Information before signing the contract. Buyer ☐ does ☐ does not require an updated resale certificate. If Buyer requires an updated resale certificate, Seller, at Buyer's expense, shall deliver it to Buyer within 10 days after receiving payment for the updated resale certificate from Buyer. Buyer may terminate this contract and the earnest money will be refunded to Buyer if Seller fails to deliver the updated resale certificate within the time required.

☑ 4. Buyer does not require delivery of the Subdivision Information.

**The title company or its agent is authorized to act on behalf of the parties to obtain the Subdivision Information ONLY upon receipt of the required fee for the Subdivision Information from the party obligated to pay.**

**B. MATERIAL CHANGES.** If Seller becomes aware of any material changes in the Subdivision Information, Seller shall promptly give notice to Buyer. Buyer may terminate the contract prior to closing by giving written notice to Seller if: (i) any of the Subdivision Information provided was not true; or (ii) any material adverse change in the Subdivision Information occurs prior to closing, and the earnest money will be refunded to Buyer.

**C. FEES AND DEPOSITS FOR RESERVES:** Buyer shall pay any and all Association fees, deposits, reserves, and other charges associated with the transfer of the Property not to exceed $ 350_____ and Seller shall pay any excess. This paragraph does not apply to: (i) regular periodic maintenance fees, assessments, or dues (including prepaid items) that are prorated by Paragraph 13, and (ii) costs and fees provided by Paragraphs A and D. If this paragraph conflicts with any allocation of charges in the Subdivision Information, this paragraph will control.

**D. AUTHORIZATION:** Seller authorizes the Association to release and provide the Subdivision Information and any updated resale certificate if requested by the Buyer, the Title Company, or any broker to this sale.  If Buyer does not require the Subdivision Information or an updated resale certificate, and the Title Company requires information from the Association (such as the status of dues, special assessments, violations of covenants and restrictions, and a waiver of any right of first refusal), ☑ Buyer ☐ Seller shall pay the Title Company the cost of obtaining the information prior to the Title Company ordering the information.

**NOTICE TO BUYER REGARDING REPAIRS BY THE ASSOCIATION:**  The Association may have the sole responsibility to make certain repairs to the Property. If you are concerned about the condition of any part of the Property which the Association is required to repair, you should not sign the contract unless you are satisfied that the Association will make the desired repairs.

| *Ridwan Khan* | dotloop verified<br>06/26/26 2:37 PM CDT<br>BBZD-KG4Q-8QR6-SXHI | *Zerin Chowdhury* | dotloop verified<br>06/26/26 2:42 PM CDT<br>FB2C-EDZF-IIIG-OSWS |
|---|---|---|---|
| Buyer | | Seller | |

| | | | |
|---|---|---|---|
| Buyer | | Seller | |

The form of this addendum has been approved by the Texas Real Estate Commission for use only with similarly approved or promulgated forms of contracts. Such approval relates to this contract form only.  TREC forms are intended for use only by trained real estate licensees. No representation is made as to the legal validity or adequacy of any provision in any specific transactions. It is not intended for complex transactions.  Texas Real Estate Commission, P.O. Box 12188, Austin, TX 78711-2188, (512) 936-3000  (www.trec.texas.gov)  TREC No. 36-11. This form replaces TREC No. 36-10.

Keller Williams Realty Metropolitan          4265 San Felipe St. Suite 800 Houston, TX 77027          832-715-3377          Marc Griner

**TREC NO. 36-11**
**TXR 1922**

dotloop signature verification: dtlp.us/QWzO-NXaM-Alvc



PROMULGATED BY THE TEXAS REAL ESTATE COMMISSION (TREC)    05-04-2026

# AMENDMENT
## TO CONTRACT CONCERNING THE PROPERTY AT



4726 Waring Street, Houston, TX 77027
(Street Address and City)

Seller and Buyer amend the contract as follows: (check each applicable box)

☐(1)  The Sales Price in Paragraph 3 of the contract is:
   A. Cash portion of Sales Price payable by Buyer at closing .......................... $_____
   B. Sum of financing described in the contract ............................................. $_____
   C. Sales Price (Sum of A and B)................................................................ $_____

☐(2)  In addition to any repairs and treatments otherwise required by the contract, Seller, at Seller's expense, shall complete the following repairs and treatments: (Notice: Paragraph 7 of the contract governs the completion, delivery of documentation, and transfer of warranties of repairs and treatments.)_____

☑(3)  The date in Paragraph 9 of the contract is changed to 07/17/2026                            .

☐(4)  The amount in Paragraph 12A(1)(b) of the contract is changed to $_____.

☐(5)  The amounts in Paragraph 12B of the contract are changed as follows (check applicable boxes ):
   ☐(1) Seller will pay (check one box only): ☐ $_____ or ☐_____% of the Sales Price.
   ☐(2) Buyer will pay (check one box only): ☐ $_____ or ☐_____% of the Sales Price.

☐(6)  The cost of lender required repairs and treatment, as itemized on the attached list, will be paid as follows: $_____ by Seller; $_____ by Buyer.

☐(7)  Buyer has paid Seller an additional option fee of $_____ for an extension of the unrestricted right to terminate the contract on or before 5:00 p.m. on _____. This additional option fee ☐ will ☐ will not be credited to the Sales Price.

☐(8)  Buyer waives the unrestricted right to terminate the contract for which the option fee was paid.

☐(9)  The date for Buyer to give written notice to Seller that Buyer cannot obtain Buyer Approval as set forth in the Third Party Financing Addendum is changed to _____.

☐(10) **Other Modifications**: (Real estate brokers and sales agents are prohibited from practicing law.)_____

**CONSULT AN ATTORNEY BEFORE SIGNING:** TREC rules prohibit real estate brokers and sales agents from giving legal advice. READ THIS FORM CAREFULLY.

EXECUTED the   6th   day of                July                , 20 26      . **(BROKER: FILL IN THE DATE OF FINAL ACCEPTANCE.)**

*Ridwan Khan*                          dotloop verified
                                       07/06/26 5:40 PM CDT
                                       NQIM-UPC5-SIHH-PEWX
Buyer

*Zerin Chowdhury*                      dotloop verified
                                       07/06/26 5:39 PM CDT
                                       WAB5-GQID-MCBX-QOKC
Seller

Buyer                                  Seller



This form has been approved by the Texas Real Estate Commission for use with similarly approved or promulgated contract forms. Such approval relates to this form only. TREC forms are intended for use only by trained real estate license holders. No representation is made as to the legal validity or adequacy of any provision in any specific transactions. It is not intended for complex transactions. Texas Real Estate Commission, P.O. Box 12188, Austin, TX 78711-2188, 512-936-3000 (http://www.trec.texas.gov ) TREC No. 39-11. This form replaces TREC No. 39-10.

TREC NO. 39-11

**GENERAL AFFIDAVIT**

**State of Texas**            §
**County of** _____          §

**BEFORE ME**, the undersigned Notary, _____ on this _____ day of July, 2026 personally appeared Ridwan Khan, known to me to be a credible person of lawful age, who being by me first duly sworn, on his oath, deposes and says:

1. I am of sound mind and capable of making this affidavit.  I have personal knowledge of the facts stated below.  I am a managing member of HTX HANNAN HOMES LLC.  I understand that I can be held criminally responsible if I lie in this statement.  This statement is true.

2. The July 7, 2026, scheduled substitute trustee sale of the Property (the "Substitute Trustee Sale") is unlawful, because the Defendant breached the Deed of Trust by failing to promptly give HTX HANNAN HOMES LLC a payoff statement, so that I could pay off the Note before July 7, 2026.

3. HTX HANNAN HOMES LLC is the owner of the property, 4726 Waring Street, Houston, Texas 77027, secured by a Deed of Trust (DOT). ("Property" or "real property").

4. July 31, 2024, HTX HANNAN HOMES LLC closed on a loan for $672,000.00 secured by a Deed of Trust (DOT).  See Exhibit A

5. The original mortgagee is Park Place Finance LLC.

6. The original trustee is Brett M. Shanks.

7. EF MORTGAGE LLC is the current mortgagee.

8. Servis One, Inc. dba BSI Financial Services is the current loan servicer.

9. Staff of Entra Default Solutions, LLC are designated as the purported current trustee.

10. According to a recent Broker's Price Opinion, the value of the property is $1,100,000.

11. I do not know the payoff.  Ridwan Khan, a managing member of HTX HANNAN HOMES LLC, believes the payoff is roughly $700,000.

12. Ridwan Khan believes HTX HANNAN HOMES LLC has roughly has $400,000 of equity in the Property.

13. Recently, the purported current trustee posted a Substitute Trustee Sale Notice in the HARRIS County Clerk's Office.

14. HTX HANNAN HOMES LLC has a buyer ready, willing, and able, under a purchase contract that will close July 17, 2026 and pay off the Defendant in full, provided the July 7, 2026, scheduled

GENERAL AFFIDAVIT continued

substitute trustee sale is canceled and provided the Defendant provides an exact payoff. See Exhibit B

15. Friday, June 26, 2026, HTX HANNAN HOMES LLC tendered paying off the loan in full. Friday, June 26, 2026, I requested from the Defendant a payoff statement and explained that HTX HANNAN HOMES LLC has a buyer ready, willing, and able under a purchase contract that will close July 6, 2026 and pay off the Defendant in full, provided the July 7, 2026, sale is canceled.

16. Since HTX HANNAN HOMES LLC has requested an itemized payoff statement and tendered paying off the Loan, the Loan Servicer has not sent HTX HANNAN HOMES LLC an itemized payoff statement.

17. If the July 7, 2026, substitute trustee sale transpires, HTX HANNAN HOMES LLC stands to suffer irreparable harm, because HTX HANNAN HOMES LLC will lose title to its property and roughly $400,000 of equity in the Property.

_____

Ridwan Khan
372 Robbins Drive,
Houston, Texas 77024

State of Texas                    §
County of _____           §

Sworn to and subscribed before me on the _____ day of July 2026, by Ridwan Khan.

_____
Notary Public, State of Texas
My Commission Expires:_____

Page 2 of 2

Cause No._____

| | | |
|---|---|---|
| **HTX HANNAN HOMES LLC,** | § | IN THE DISTRICT COURT OF |
| *Plaintiff(s),* | § | |
| | § | |
| v. | § | **HARRIS** COUNTY, TEXAS |
| | § | |
| **EF MORTGAGE LLC,** | § | |
| *Defendant(s),* | § | _____ JUDICIAL DISTRICT |
| | § | |

### <u>TEMPORARY EX PARTE RESTRAINING ORDER, ORDER TO POST BOND, AND ORDER SETTING HEARING FOR TEMPORARY INJUNCTION AND TEMPORARY ORDERS</u>

I.

On this _____ day of July 2026, **HTX HANNAN HOMES LLC**, Plaintiff in the above-entitled and -numbered cause, has filed and on this day presented an Original Petition containing Motions for Temporary Injunction and For Ex Parte Temporary Restraining Orders, with relevant and pertinent portions thereof supported with affidavits, pursuant to Section 5 of Part VI of the Texas Rules of Civil Procedure.

THE COURT, having examined the pleadings, FINDS that it clearly appears from the facts set forth in the affidavits and pertinent portions of Plaintiff HTX HANNAN HOMES LLC's Original Petition containing Motions For Temporary Injunction and For Ex Parte Temporary Restraining Orders that unless the Defendant, EF MORTGAGE LLC is immediately restrained as Ordered, Adjudged, and Decreed below in this section `I', that such Defendant will irreparably cause harm to Plaintiff HTX HANNAN HOMES LLC before notice can be given and a hearing is had on Plaintiff' motion for a temporary injunction; because the Defendant will foreclose on certain property specified  in section

II.

IT IS, THEREFORE, ORDERED, ADJUDGED, AND DECREED that the clerk of this Court issue a temporary restraining order, in this cause, immediately restraining Defendant, EF MORTGAGE LLC from the following acts from the date of signing of this order until and to the fourteenth day after the signing of this order or until further order of this Court:

1. Conducting the sale scheduled to be held on July 7, 2026 by the trustee, **Staff of Entra Default Solutions, LLC** in the area of the Harris County Courthouse in Houston,

Texas, designated by the Commissioner's Court pursuant to Section 51.002 of the Texas Property Code as a place where the foreclosure sale is to take place of **4726 Waring Street, Houston, Texas 77027**.

2. Reposting said property for foreclosure sale or otherwise engaging in any foreclosure preparatory activities.

IT IS ORDERED, ADJUDGED, AND DECREED that the foregoing orders shall be binding on Defendant; on Defendant's agents, servants and employees; and on those persons in active concert or participation with them who receive actual notice of these Orders by personal service or otherwise.

IT IS ORDERED, ADJUDGED, AND DECREED that Plaintiff post a **bond** of

_____.

III.

IT IS FURTHER ORDERED that the Clerk shall issue notice to Defendant EF MORTGAGE LLC to appear and such Defendant is hereby ordered to appear, before this Court in the Courthouse at 201 Caroline Street, Houston, Texas 77002 on _____ _____, 2026, at ___:___ ___.m., to show cause, if any, why the following temporary injunctive and other interim relief should not be granted as requested by Plaintiff during the pendency of this cause:

1. That the preceding temporary restraining orders in sections `I' be made a temporary injunction pending final hearing in this cause;

2. That the additional orders and temporary injunctions requested by Plaintiff be granted;

3. That all other orders should be entered or further relief granted respecting the parties as pled for by Plaintiff in Plaintiff's Original Petition in this cause.

UPON THE PLAINTIFF POSTING A **BOND** OF _____, THE CLERK OF THIS COURT IS DIRECTED TO ISSUE A TEMPORARY RESTRAINING ORDER IN CONFORMITY WITH THE LAW AND THE TERMS OF THIS ORDER.

SIGNED on July _____, 2026, at ___:___ ___.m.,

_____
JUDGE PRESIDING

Approved as to Substance and Form

/s/ James Minerve

_____

James Minerve
State Bar No. 24008692
13276 N HWY 183, Ste. 209
Austin, Texas 78750
(888) 819-1440 (Office)
(210) 336-5867 (Mobile)
(888) 230-6397 (Fax)
jgm@minervelaw.com
Attorney for Plaintiff
**HTX HANNAN HOMES LLC**

Filed 26 July 08 A7:20
Marilyn Burgess - District Clerk
Harris County

Cause No. 202645143

HTX HANNAN HOMES LLC                    IN THE DISTRICT COURTS OF

V.                                      HARRIS COUNTY, TEXAS

EF MORTGAGE LLC                         127 JUDICIAL DISTRICT

TRANSFER ORDER

It is ORDERED that the Harris County District Clerk transfer the above styled and numbered cause from the 127 District Court to the 125 District Court.

SIGNED Tuesday, July 07, 2026

HON. Rabeea Collier
ADMINISTRATIVE JUDGE
CIVIL TRIAL DIVISION


Attraction Cause Number 202614269

HTX HANNAN HOMES LLC

v.

EF MORTGAGE LLC

File Court 125

JUDGMENT DATE:                  JUDGMENT TYPE: ATTR_JUDGMENT_TYPE

CASE TYPE: Other Property

Unofficial Copy Office of Marilyn Burgess District Clerk

7/9/2026 1:34 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 117136888
By: Jimmy Rodriguez
Filed: 7/9/2026 1:34 PM

**CAUSE NO. 2026-45143**

| | | |
|---|---|---|
| **HTX HANNAN HOMES, LLC,** | § § § | |
| **Plaintiff,** | § § | **IN THE DISTRICT COURT** |
| **vs.** | § § | **125ᵀᴴ JUDICIAL DISTRICT** |
| **EF MORTGAGE, LLC** | § § | **HARRIS COUNTY, TEXAS** |
| **Defendant.** | § § § | |

**NOTICE OF APPEARANCE**

COMES NOW Melanie D. Morgan of the law firm of Atlas Solomon LLP and files

this notice of appearance of counsel for Defendant EF Mortgage LLC.

DATED this 9ᵗʰ day of July, 2026.

Respectfully submitted,

/s/ *Melanie D. Morgan*
Melanie D. Morgan
Texas Bar No. 24039096
mmorgan@atlas-solomon.com
**ATLAS | SOLOMON LLP**
7674 W. Lake Mead Blvd., Suite 220
Las Vegas, Nevada 89128
Telephone: (725) 315-9587
**Attorney for EF Mortgage, LLC**

1

## CERTIFICATE OF SERVICE

I hereby certify that on the 9th day of July, 2026, a true and correct copy of this Notice

of Appearance was served via Texas E-File to:

James Minerve, Esq.
13276 N HWY 183, Suite 209
Austin, Texas 78750
888-819-1440
jgm@minervelaw.com
Attorney for Plaintiff

/s/ *Melanie D. Morgan*
Melanie D. Morgan

2

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Melanie Morgan on behalf of Melanie Morgan
Bar No. 24039096
mmorgan@atlas-solomon.com
Envelope ID: 117136888
Filing Code Description: Notice
Filing Description: Notice of Appearance
Status as of 7/9/2026 3:25 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| James Minerve | 24008692 | jgm@minervelaw.com | 7/9/2026 1:34:30 PM | SENT |
| Natalie Winslow | | nwinslow@atlas-solomon.com | 7/9/2026 1:34:30 PM | SENT |
| Troy Lawrence | | tlawrence@atlas-solomon.com | 7/9/2026 1:34:30 PM | SENT |
| Melina Gonzalez | | mgonzalez@atlas-solomon.com | 7/9/2026 1:34:30 PM | SENT |
| Melanie Morgan | | mmorgan@atlas-solomon.com | 7/9/2026 1:34:30 PM | SENT |